12   278
154a  333

EMMA CONDIT SMITH, as Testamentary Guardian of LOUISE CONDIT
SMITH and SALLIE BARNES SMITH, Infants, Appellants, v. CENTRAL
TRUST COMPANY of New York and WILLIAM PENNINGTON, as
Trustee, etc., of SALLIE L. D. B. SMITH, Deceased, Respondents.

*A foreign will is to be construed in the foreign State — an agreement by a trustee
which violates the trust is invalid.*

Sallie L. D. B. Smith, a resident of New Jersey, died and left a will which was
admitted to probate in that State, by which she constituted her husband trus-
tee of a fund for her children during their minority, and he deposited certain
securities constituting the fund with the Central Trust Company in the city
of New York, under agreements which provided that the trust company
should retain possession until the majority or death of the children; pay the
interest to him during life, and after his death to the guardians of the children
appointed by his will, or by some court of competent jurisdiction; deliver the
securities to the children at their majority, and in case of their death before
majority deliver them to the next of kin under the law of New Jersey of the
child so dying.

The husband died and appointed as guardian of the children his second wife,
Emma Condit Smith, but before his will had been admitted to probate in this
State, the chancellor of New Jersey had made an order appointing William
Pennington trustee for the infants, and Pennington thereupon served notice
upon the Central Trust Company to pay over the securities and income to no
one but himself.

In an action brought by Emma Condit Smith, as guardian, to obtain a decree
that Pennington had no interest in the securities nor their income, and that the
trustee account to her for the income,

*Held,* that the proper construction of the will was to be determined solely by the
courts of New Jersey, and that the order appointing Pennington trustee was
valid and could not be attacked in the State of New York for irregularity, but
only for want of jurisdiction in the New Jersey court to make it;

That such jurisdiction existed and was not affected by the fact that the infants
were not domiciled in that State nor the property situated there;

That the new trustee was not affected in his estate or right to possession by the
agreement of the original trustee that the Central Trust Company should col-
lect the income, and upon his death pay it to the guardians of the children,
the latter provision being clearly invalid and one which the Central Trust Com-
pany would have no right to follow against the wishes of Pennington, the duly
constituted trustee;

That the action could not be maintained as one by which the guardian might
obtain information as to the amount and condition of the property of her wards,
as she was not entitled to this information from the Central Trust Company,
but must obtain it, if at all, from the trustee.

APPEAL by the plaintiff, Emma Condit Smith, as testamentary guardian, etc.,. of Louise Condit Smith and Sallie Barnes Smith, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 17th day of November, 1896, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

The mother of the above-named infants was Sallie L. D. B. Smith, who died in July, 1890, a resident of New Jersey. In that month her will was admitted to probate in Essex county of that State. After directing the payment of all debts, funeral expenses and a certain legacy the, will stated that, in case the testatrix left children surviving her, certain articles of personal property should go to her husband, George Condit Smith, and then provided : " I give, devise and bequeath the equal undivided half part of all the rest of my property as aforesaid to my husband absolutely, and the other equal undivided half part thereof I give and bequeath absolutely to such child or children, and, if children, then in equal shares ; but I direct that my husband shall hold the same in trust for such child or children during its or their minority, managing and investing the same according to law, and from time to time applying such parts of the income thereof to the support, maintenance and education of such child or children as he may think advisable ; the determination of my husband as to such management, investment and application of income shall be final and without appeal or question, as I have full confidence in his good sense and discretion."

The testatrix left surviving two infant children, the above-named Louise Condit Smith and Sallie Barnes Smith. By two agreements, made December 23, 1890, and May 25, 1891, her husband, George Condit Smith, deposited certain securities representing the one undivided half of the estate held by him in trust for these children under the above provision of their mother's will with the defendant trust company, the agreements providing that it should retain possession of them until the majority or death of the said children, collect the interest and pay it over to himself during his life, and after his death to the guardians of the children appointed by his will or by some court of competent jurisdiction ; deliver the securities to the children at their majority, and, in case of their death before

majority, deliver the securities to the next of kin, under the New Jersey law, of the child so dying. George Condit Smith subsequently died, and by his will appointed the plaintiff, his second wife, guardian of said children. This will was admitted to probate in New York county, of this State, on July 31, 1895. Previously thereto a petition had been presented to the chancellor of New Jersey by J. Condit Smith, the uncle of the children, as their next friend, for the appointment of a trustee under the will of Sallie L. D. B. Smith in the place of George Condit Smith, and in pursuance thereof the defendant William Pennington was appointed such trustee by order of the Court of Chancery, made October 15, 1894. On the same day Mr. Pennington served notice upon the defendant trust company to pay over the securities and income thereof to no one but himself.

The plaintiff, having accepted the appointment contained in the will of her husband and received letters of guardianship from the Surrogate's Court of New York county, brings this action to have it decreed that the defendant Pennington has no interest in the securities deposited with the defendant trust company, or the income derived therefrom, and to have the defendant trust company account to her for the income already collected. At the trial the complaint was dismissed, and it was adjudged that the defendant trust company pay over to the defendant Pennington, as trustee under the will of Sallie L. D. B. Smith, the income of said securities.

*Alex. Thain,* for the appellant.

*John Brooks Leavitt,* for respondent William Pennington.

*Adrian H. Joline,* for respondent Central Trust Company of New York.

BARRETT, J.:

The order of the chancellor of New Jersey appointing Mr. Pennington trustee for the infants, Louise Condit Smith and Sallie Barnes Smith, is a conclusive answer to this action. By this order the chancellor adjudged that a trust for these infants was created by the will of their mother, Sallie L. D. B. Smith, and that Mr. Pennington should execute that trust in the room and stead of the

trustee named in Mrs. Sallie Smith's will. The order also conferred upon Mr. Pennington all the rights, powers, duties and privileges incident to the appointment. This order was within the jurisdiction of the Court of Chancery of New Jersey. Mrs. Sallie Smith, the testatrix, was a resident of New Jersey. She died there, and her will was executed and probated there. The proper construction of that will was clearly determinable by the courts of New Jersey, and the judgment of its Court of Chancery thereupon cannot be questioned here. The appellant attacks the chancellor's exercise of jurisdiction upon the ground that the infants, represented by her as testamentary guardian, were not domiciled in the State of New Jersey. This point is without merit. The chancellor's jurisdiction did not depend upon the residence or domicile of the infants, but upon the creation and existence of the trust in the State of New Jersey. It was the fact that Mrs. Smith died a resident of that State, and that her will was probated there, which gave the Court of Chancery jurisdiction. Whether the chancellor exercised that undoubted jurisdiction regularly depended upon the practice of the court of New Jersey. Counsel cites the law of New Jersey in support of his contention that notice of the application for Mr. Pennington's appointment should have been given to the plaintiff, " with whom they (the infants) were sojourning." But we cannot consider this citation. It was neither alleged nor proved upon the trial. It nowhere appears in the record ; and, even if it had been alleged and proved, the failure to give such notice amounted to but a mere irregularity, not affecting the jurisdiction. If the appointment was irregularly or erroneously made, the New Jersey courts are open to the appellant. She can only complain here of a lack of jurisdiction ; and that complaint, we have seen, is entirely unfounded. The conclusion is inevitable that the title to the property in question is vested in Mr. Pennington for the trust purpose specified in Mrs. Sallie Smith's will, precisely as it was vested in the original trustee, George Condit Smith. This conclusion is not in the least affected by the incidents : *First*, that the property embraced within the trust happens to be within this State ; and, *second*, that the infants are now living here. The property is in the hands of the Central Trust Company merely as custodian for the trustee. It is quite immaterial where the trustee places the trust

property. Wherever he places it he must account therefor to the courts of New Jersey, and there is not the slightest necessity for calling him into any other jurisdiction. It is true that the original trustee, in placing the trust property in the hands of the defendant corporation, agreed that the company should collect the income and pay it to him during his lifetime, and upon his death pay such income to the guardians of these children. This agreement, however, was revocable at any time. The trustee certainly could not abandon his duty in favor of a trustee of his own appointment, nor could he vary the legal effect of his own death upon the trust situation. The provision in his agreement with the trust company that, upon his death, that company should pay the income of the trust fund to the guardians of the children, is plainly invalid. The trust company still holds the property as custodian — as custodian now for the new trustee, Mr. Pennington ; and that gentleman is alone authorized to receive the income and apply it as directed in Mrs. Sallie Smith's will.

The plaintiff, as guardian of these children, has no right, as against the trustee, either to the principal or income of these securities. What part of the income she should receive from the trustee for the support and maintenance of the children is something with which we have nothing to do. Mr. Pennington's attorneys, in their letter to the plaintiff's counsel of April 1, 1896, very properly offered, on Mr. Pennington's behalf, to submit that question to the chancellor of New Jersey. But the offer was rejected, substantially for the reasons now assigned for the reversal of the judgment below.

It is claimed that the complaint should not, in any aspect of the case, have been dismissed, and that the plaintiff is entitled, at least, to know where her ward's property is, and what is its condition. The difficulty with this position is that she is not entitled to know these things from the defendant corporation. She may ultimately be entitled to know them from the trustee. If at any time she is denied information by the trustee, which it is his duty to furnish, or if he misconducts himself in any manner with regard to his trust, she can file her bill against him for an account, or for any appropriate relief, in the Court of Chancery of New Jersey. The object of her present suit is to obtain a judgment, *first*, that the trustee has no interest in either the securities or the income in the hands of the

trust company; and, *second*, that the trust company account to her for the income. She is not entitled to either relief. She has no title either to the securities or the income, and the trustee alone has such title. It follows that the trust company is answerable solely to the trustee, and that any information which the plaintiff requires with regard to the property must be obtained from him, and not from the trustee's custodian. The trustee was here brought in as a proper party to an action for an accounting against the trust company. He was not independently proceeded against as a trustee who had refused information with regard to the trust estate, or who had in any way misconducted himself. He was simply an adjunct to the action against the trust company for the purpose of shutting him out altogether — in other words, for the purpose, not of obtaining information or an account from a lawful trustee, but of settling the question whether he was a trustee at all.

The judgment was in all respects right and should be affirmed, with costs to each of the respondents.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Judgment affirmed, with costs to each of the respondents.