SMYRNA THEATRE COMPANY, Respondent, *v.* CHARLES J. MISSIR, Appellant.

Second Department, June 10, 1921.

**Equity — jurisdiction to enforce declaration of trust in respect to lands in foreign country — complaint states cause of action — subject-matter of action is equitable rights of plaintiff and defendant's conduct in relation thereto.**

In a suit based on a declaration of trust made by the defendant, a citizen of this country, in favor of the plaintiff in respect to the title and ownership of certain real property in Asia Minor, wherein it appeared that the defendant, violating the declaration of trust, had taken forcible possession of the property and still keeps it in his possession, appropriating the receipts and profits to himself, *held*, that the complaint states a cause of action; and that the court has jurisdiction of the subject-matter of the action which is the equitable rights of the plaintiff and the defendant's conduct in relation thereto, rather than the *corpus* of the property, affected by those matters.

A court of equity having jurisdiction of the persons of the parties, will in a case of trust or of fiduciary relation act to prevent a *devastavit* of a trust estate by means of a trespass on realty outside of the territorial jurisdiction and may make a decree *in personam*, where not merely the indirect but the direct result is to transfer title to land or to clear away a cloud on the title to land beyond the jurisdiction of the court.

APPEAL by the defendant, Charles J. Missir, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of March, 1921, granting plaintiff's motion for judgment on the pleadings.

*Henry T. Hall*, for the appellant.

*Bertram L. Fletcher*, for the respondent.

Order granting plaintiff's motion for judgment affirmed, with ten dollars costs and disbursements (with leave within twenty days to withdraw demurrer and to answer on payment of costs), upon the opinion of Mr. Justice KELBY at Special Term.

BLACKMAR, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ., concur.

The following is the opinion of the court below:

KELBY, J.:

Motion by the plaintiff for judgment on the demurrer to the amended complaint. A similar motion is made in the case of American-Oriental Ice Manufacturing Company against this defendant, in which case the facts are generally similar, and the same general considerations serve to decide both motions. It appears from the complaint that the plaintiff is a New York corporation and the defendant an American citizen; that some years ago he executed in this State a declaration of trust in favor of the plaintiff in respect to the title and ownership of a theatre property in Smyrna, Asia Minor; that he has now in Asia Minor assumed an antagonistic attitude to the title and interest he declared and has sought and obtained from the Ottoman government a grant to himself of the property, which he transferred to his wife; when afterward this grant and transfer were procured to be annulled in the Ottoman courts he proceeded to take forcible possession of the property, throwing out plaintiff's agents, and still keeps possession, appropriating the receipts and profits to himself. The argument presented in support of the demurrer seems rather directed to criticizing or questioning the practicality of some of the various forms of equitable relief which are prayed than to meeting the question of the sufficiency of the allegations of the complaint as presenting a case for some equitable relief. The complaint may ask more relief than will finally be awarded or found practicable, but it states a good cause of action for some relief. A court of equity having jurisdiction of the persons of the parties will in a case of trust or of fiduciary relation act to prevent a *devastavit* of a trust estate by means of a trespass on realty outside of the territorial jurisdiction (*Fernandez* v. *Fernandez*, 15 App. Div. 469), or, as Mr. Justice CULLEN stated the general rule, may make a decree *in personam*, where not merely the "indirect, but the direct result * * * is to transfer the title to land [or to clear away a cloud on the title to land] beyond the jurisdiction of the court, provided the parties comply with the decree of the court." (*Chase* v. *Knickerbocker Phosphate Co.*, 32 App. Div. 400, 403. See, also, *Lucia Mining Co.* v. *Evans*, 146 App. Div. 416.) This disposes of the main ground of the demurrer that the complaint does not state a cause of

action. The other ground, that the court has not jurisdiction of the subject-matter of the action, appears in the argument to be in truth a form of statement of the main ground, but it may be added in direct answer to this ground that the subject-matter of the action is the equitable rights of the plaintiff and the defendant's conduct in relation thereto, rather than the *corpus* of the property, affected by those matters. "The fact that the fund is not within the jurisdiction of the court is of no consequence. The binding effect of the decree would be no greater if the fund were within the State of New York. The court has jurisdiction of the parties" and by a judgment *in personam* compels them to act in obedience thereto. (Per MILLER, J., *Stannard* v. *Atlantic Terra Cotta Co.*, 138 App. Div. 867; *Mead* v. *Brockner*, 82 id. 480, and cases *supra*.) The plaintiff's motion for judgment on the pleadings is granted, with the usual costs, and with leave to the defendant to plead over.