FREDERICK W. GRAVES, Respondent, Appellant, *v.* KALTENBACH & STEPHENS, INC., Appellant, Respondent.

First Department, April 20, 1923.

**Master and servant — action for wrongful discharge — discharge justified by admission of plaintiff that he converted money of defendant though that was not reason assigned for discharge — question of justification was for court.**

It is a good defense to an action by a servant to recover damages for wrongful discharge that the servant converted money of the master to his own use at the time he was discharged, though that was not the ground given for his discharge, for if a justifying cause exists, the master may assign it whenever an action is brought.

The servant having admitted the conversion of money, the question of justification was for the court, and the case should not have been submitted to the jury.

APPEAL by the defendant, Kaltenbach & Stephens, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of April, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of March, 1920, denying defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiff from said judgment, and also from an order of the Supreme Court, made at the New York Trial Term and entered in said clerk's office on the 6th day of May, 1920, denying his motion for a new trial made on the ground that the verdict was inadequate.

*Joseph A. Fagnant,* for the plaintiff.

*Rosenberg & Ball* [*Chandler Bennitt* of counsel; *George G. Ernst* with him on the brief], for the defendant.

PAGE, J.:

The action was to recover damages for an alleged wrongful discharge.

The plaintiff was employed by the firm of Kaltenbach & Stephens,

as a department manager and salesman, on or about January 1, 1915, and continued in such employment until September, 1916, when the defendant was incorporated and took over the business and assumed the liabilities of the firm. Plaintiff remained in the employ of the defendant until January 19, 1918, when he was discharged. Plaintiff contended that his hiring was by the year and expired December 31, 1918. The defendant contended the hiring was for no definite term and, therefore, was an hiring at will. But it also justified the discharge.

Resolving any contested fact in plaintiff's favor, the judgment in his behalf cannot stand. The plaintiff was manager of the sales department of the defendant, and as such was given, as the same became due, the money to meet the payroll of that department. On January 15, 1918, he received the money for the payroll due that day. Among others he received the pay of a salesman at San Francisco, Cal., amounting to $161.78. It was admitted, not alone by failure to reply to the counterclaim but specifically upon the trial, that he had never paid this money over but had retained and converted it to his own use. His only justification was that as he had the money in his possession when he was discharged he credited the amount on his claims for damages for wrongful discharge and for certain disbursements that he alleged he had made for the defendant's account. Thus the plaintiff admits that he took property of the defendant under such circumstances as amounted to a larceny (Penal Law, § 1290, subd. 2) and for which his alleged justification was not an excuse. (Id. § 1306.) This act was a complete justification for the discharge. It is immaterial that some other cause may have been assigned as the reason, or the defendant did not know of the larceny at the time of the discharge. It is well settled that " if a justifying cause exist, the master may assign it, whenever the action is brought." (*Ridgway* v. *Hungerford Market Co.*, 3 Ad. & El. 171; *Getty* v. *Williams Silver Co.*, 162 App. Div. 513, 516; 221 N. Y. 34, 39.) The facts being admitted, the question of justification was for the court and the case should not have been submitted to the jury.

On the plaintiff's appeal the order denying his motion to set aside the verdict on the ground of inadequacy of damages should be affirmed. On the defendant's appeal the judgment and order should be reversed, with costs, and judgment directed for the defendant for the sum of $161.78, with interest from January 15, 1918, with costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Order denying plaintiff's motion to set aside verdict on ground of inadequacy of damages affirmed. Judgment and order denying defendant's motion reversed, with costs, and judgment directed for defendant for $161.78, with interest from January 15, 1918, with costs.