In the Matter of the Construction of the Will of BERTHA C. SLADE, Deceased.

Surrogate's Court, New York County, May 25, 1955.

*Satterlee, Warfield & Stephens* for Ethelbert Warfield, as executor of Bertha C. Slade, deceased, petitioner.

*Peter H. Kaminer* and *John B. Jessup* for Northern Westchester Hospital, respondent and cross petitioner.

*Mark P. Stumpf* for St. Matthews Church, respondent and cross petitioner.

*Leonard A. Blue, Harold F. Lewis* and *B. Harrison Frankel* for Society of the New York Hospital, respondent and cross petitioner.

*Colton P. Wagner, R. Preston Searl* and *William G. F. Botzow* for District Nursing Association of Northern Westchester County, respondent and cross petitioner.

*James T. Buckley* for Presbyterian Hospital in the City of New York, respondent and cross petitioner.

*Charles I. Pierce, Jr.,* for President and Fellows of Harvard College, respondent and cross petitioner.

*Gerdes & Montgomery* for Laura S. Mills and another, respondents.

*Paul, Weiss, Rifkind, Wharton & Garrison* for Helen C. McCabe and another, respondents.

*Joseph J. Kozinn* for State Tax Commission, respondent.

COLLINS, S. This proceeding for construction of the will and for instructions as to the apportionment of taxes under section 124 of the Decedent Estate Law was instituted on the petition of the executor. Answers incorporating prayers for supplemental relief were filed by a number of charitable institutions who share in the residuary estate as well as by individuals who have similar interests under the will. These pleadings have framed a preliminary issue for determination arising from the demand of the charitable legatees that a supplemental citation issue out of this court addressed to the Day Trust Company of Boston, Massachusetts, the trustee of a revocable *inter vivos* trust created by the testatrix by an indenture executed by her at a time when she was a resident of this State as she was at the date of her death. The principal of the trust has been included in the taxable estate and the charities argue that as a consequence the trustee should be required to bear a proportionate share of the tax burden if it is found that apportionment is the rule of the will.

The petitioning executor, stating that the " Day Trust Company has refused to appear in this proceeding " argues that the issuance of a supplemental citation would be totally fruitless. The court cannot concur in this conclusion. While it may be conceded that jurisdiction over the foreign *inter vivos* trustee cannot be perfected unless it were to appear voluntarily (*Matter of Buckman*, 296 N. Y. 915, certiorari denied 332 U. S. 763), the issuance of a citation would serve notice of the fact that the

question of apportionment is before the court for decision. Process under such circumstances possesses the quality of an invitation to appear and participate in the litigation at issue. Should a party thereafter submit to the jurisdiction of the court a conclusive adjudication is possible and the necessity for resorting to supplemental litigation avoided (*Matter of Rogers,* 225 App. Div. 286; *Clarke* v. *Boreel,* 21 Hun 594; *Marrone* v. *Tesoriere,* 92 Misc. 602).

The court expresses no opinion at this time in connection with the question of whether apportionment of taxes is in fact required under the will for it is the purpose of the parties to brief this matter at a later date. However, jurisdiction to make such an adjudication is present despite the absence of persons, in this instance the trust company, whose interests might subsequently be affected by a ruling so made. The statute, section 124 of the Decedent Estate Law, contains explicit directions requiring the Surrogate in every case first to determine the effect of the provision the testator has made for the imposition of the tax burden and then, if he has made none or if he has left specific instructions concerning the matter, to make appropriate allocation of the total tax against each segment of the property which in the aggregate constitutes the taxable estate. This was the practice followed by Mr. Surrogate Delehanty in *Matter of Buckman* (*supra*) following the return of the order on remittitur from the Court of Appeals. He said (N. Y. L. J., July 21, 1947, p. 117, col. 5) : " The allocation of federal estate taxes proposed in the notice dated August 1, 1944, given to the beneficiaries is approved, but no direction for payment will be made in respect of those parties who succeeded on the appeal from the court's prior decision herein. The decree to be entered however will contain a finding of the amount of taxes chargeable to the recipients of shares in the gross tax estate. It may also contain a provision reserving jurisdiction at the foot of the decree to take such further action in respect of enforcement of the liability of the respective parties if later it shall be ascertained that authority for such enforcement exists in the court.''

The exercise of jurisdiction in the manner indicated finds ample support in the decision of the Court of Appeals in *Matter of Horton* (217 N. Y. 363) the court there saying (p. 368) : " The law upon this general subject is well stated in *Woodruff* v. *Taylor* (20 Vermont, 65, 73), where the court, after describing the procedure necessary in order to obtain jurisdiction *in personam,* says: ' A judgment *in rem* is founded on a proceeding instituted, not against the person, as such, but against or upon

the thing or subject-matter itself, whose state, or condition, is to be determined.  *  *  *  The probate of a will I conceive to be a familiar instance of a proceeding *in rem* in this state.  *  *  *  No process is issued against any one; but all persons interested in determining the state, or condition, of the instrument are constructively notified, by a newspaper publication, to appear and contest the probate; and the judgment is, not that this or that person shall pay a sum of money, or do any particular act, but that the instrument is, or is not, the will of the testator.'' (See, also, *Smith* v. *Central Trust Co.,* 12 App. Div. 278, affd. 154 N. Y. 333.)

Because no determination of the apportionment is to be made at this time the court will make no direction concerning the demand for an order that the executor take whatever steps are necessary to enforce contribution from the trustee if it should be found at a later stage of this proceeding that such liability exists.  However, the fact that apportionment under this will will be decided in this court makes it entirely appropriate for the trust company to participate in the argument of that question and it is under a duty, the court feels, to the estate of its settlor to enlist in an effort to resolve the problems of its administration as expeditiously as possible rather than to engage it in supplementary litigation.  For these reasons the application for the issuance of a supplemental citation is granted and action presently withheld as to the balance of the relief prayed for in the cross petition (cf. *Merchants Nat. Bank* v. *Merchants Nat. Bank,* 318 Mass. 563, 574, and see Scoles, Apportionment of Federal Estate Taxes and Conflict of Laws, 55 Col. L. Rev. 261, 301).

Submit order on notice.