Joseph F. Gagliardi, J.
This is an action by the beneficiary of an inter vivos trust (a) to set aside defendant trustee’s sale to himself of stock which had been part of the trust principal; (b) to remove defendant as trustee and to appoint others in his place; (c) to require defendant to account to the trust; and (d) for such other and further relief as may be equitable. Plaintiff Lorraine O’Hayer has simultaneously moved by order to show cause for a temporary injunction of disposition of the disputed stocks and there is a temporary restraining order in the order to show cause. Defendant Ovide de St. Aubin, Jr., moves under CPLR 3211 to dismiss each of the alleged causes of action upon the grounds that (1) this court cannot, or should not, exercise jurisdicition over the subject matter; and (2) that this court should relinquish jurisdicition to the Superior Court of Bhode Island where an action is pending between the parties for adjudication of the isame issues. He also moves for a protective order extending his time to seek modification or vacatur of plaintiff’s notice to take his oral deposition until 10 days after service of the order to be entered on the motion to dismiss.
*787 The three motions have been argued together. Inasmuch as plaintiff’s rights to an injunction and to discovery depend upon the validity of the action itself, the motion to dismiss shall be discussed first.
Plaintiff is defendant’s .sister. Before his death, their father placed in trust 1,300 -shares of common stock of Vesta Underwear Company (hereinafter VUC) and 1,300 shares of common stock of Vesta Corporation (hereinafter VC) by trust deed dated September 1, 1942. Both are Rhode Island corporations not licensed to do business in New York. But they are closely held and controlled by settlor, a New York resident, and his family. Their manufacturing plants are in Rhode Island.
Settlor named himself, three Rhode Island residents and his son, the defendant, as trustees. He provided for payment of the income to himself for life. Upon his death, one half of the income is payable to plaintiff, his daughter, with her husband and her descendants, per stirpes, to be substituted in a specified order in the event of her death. The other half of the income is payable to defendant. Upon defendant’s death, the principal i-s to be divided: One half .to be paid to plaintiff with her husband, or descendants to take as contingent remainderman ; and the other half to be paid to defendant’s wife with appropriate provisions for defendant’s descendants as contingent remaindermen.
All three Rhode Island trustees have since died. Successor trustees are provided for in ease of death of all trustees except for defendant. Defendant is to petition the Superior Court of the State of Rhode Island or other competent Rhode Island court for appointment of one or more Rhode Island domiciliarles and citizens as trustees. “ At all times as far as practicable there shall be at least one co-trustee of this trust who is domiciled in and a citizen of the State of Rhode Island.” This is qualified by a following statement -to the effect that the powers .of other trustees are not affected by failure to appoint such new Rhode Island trustees.
The powers and directions to the trustees are in line with family control of the corporations. The stock is to be voted so as to provide for 11 substantial salaries ” to settlor, to defendant, to plaintiff’s husband and to any of their descendants who should be employees -of the corporations. This was to be under the “ sole discretion” of settlor and defendant. It was expressly intended that settlor and defendant shall 1 c benefit and profit from our trusteeship,” by control ,of a majority of the stock of the corporations. Three instances of sale of the stock during the life of the trust to members of the family *788 were set clown. Firstly, the stock could he sold after settlor’s death to members of the family other than defendant at a price to be determined by defendant. Secondly, defendant could purchase the stock during settlor’s lifetime, but “ the terms of ■sale must first be approved of by an instrument in writing executed by myself (settlor) and my said daughter Lorraine [plaintiff] and my said son Ovide de St. Aubin [defendant].” (Emphasis added.) The third provision governs purchase by defendant after settlor’s death. That may be done but “ the amount of the purchase price and the terms of the sale must be approved of by an instrument in writing delivered to the trustees hereunder executed by * * * my said daughter Lorraine.” It is this third provision which plaintiff seeks to have construed and enforced in her favor.
The complaint alleges that on September 17, 1962, defendant purchased from himself as sole surviving trustee 300 shares of the VUG common and 52 shares of the VC common. Plaintiff alleges that that sale would deprive her of eventual control of the corporations on termination of the trust. The first cause of action alleges that -the sale is invalid for failure to obtain her permission. The second cause of action alleges that the price paid by defendant was too low; that he deliberately avoided appointment of successor trustees to promote his own interest; and that his continuance as trustee would be detrimental.
Defendant maintains that plaintiff waited about two years to express disapproval of the sale of stock to himself and that the sale was in accord with his father’s plans. He also construes the trust deed as not requiring prior approval of the transfer. Settlor, though a New York resident, made the following choice of law in his trust deed: “ 12. This trust shall be created by, and shall take effect upon, the delivery of this instrument and of the certificates of stock hereinabove described in the City of Providence and State of Rhode Island to the trustees herein named other than myself and upon the written acceptance of this trust by the trustees other than myself. This trust is and shall be deemed to be a Rhode Island trust and shall be regulated and administered in the State of Rhode Island and shall be construed, interpreted, regulated and administered in accordance with the laws of the State of Rhode Island.”
At present, the stock certificates and other assets held by the trust are kept in Bhode Island with the corporate records. However, the shares in dispute are claimed to be kept in New York City by defendant. There is a dispute whether the affairs of VUG and VC are directed in New York City, at the office of Modern Globe Sales, Inc. Defendant insists that although *789 Modern Globe Sales, Inc., sells some of VUC’s products, it neither owns stock in VUG or VC, nor vice versa.
As for the 39 individuals interested in the trust, both plaintiff and defendant are New York residents. So are 13 of the contingent remaindermen. Nine descendants of plaintiff are Rhode Island residents and 10 reside in North Carolina. However, counsel has attached communications from them consenting to this court’s jurisdiction. Nonetheless, 7 contingent remainder-men reside in Connecticut or North Carolina and have evinced no interest in appearing before this court in this action.
Shortly after commencement of this action, defendant commenced a proceeding in the Superior Court of Providence, Rhode Island: (1) to settle his account as of August 31, 1964; (2) to approve the sale of the VUC and VC stock to himself; and (3) for appointment .of successor trustees. All interested persons are named as .respondents and request is made for out-of-State service upon them where necessary by publication and certified mail.
Defendant urges dismissal under CPLR 3211 (subd. [a], par. 4) on the ground that the Rhode Island action is pending. That ground must fail since this action was commenced first. (Bartoi v. Bartoi, 20 Misc 2d 262; Avery v. Title Guar. & Trust Co., 230 App. Div. 519.)
On the other hand, there is no question -but that this is a “Rhode Island” trust amenable to regulation by the courts of that State. The settlor intended it to be such. The trust principal (except for the stock in dispute) is kept there. The majority of the trustees were originally Rhode Island residents and Rhode Island residents were to be appointed as successors. Defendant has submitted to that State’s jurisdiction by commencing a trust proceeding there. Perhaps more important, the Rhode Island court has in rem jurisdiction sufficient to bind all interested persons no matter where they may reside (Smith v. Central Trust Co., 12 App. Div. 278, affd. 154 N. Y. 333). Also, there is the obvious competence of the Rhode Island court in the law of Rhode Island which governs the proper interpretation of this trust deed.
Nevertheless, the application of the law of sister States is no novel task to our courts (see Cross v. United States Trust Co., 131 N. Y. 330, 348; National City Bank of N. Y. v. Beebe, 131 N. Y. S. 2d 67, affd. 285 App. Div. 874, app. dsmd. 308 N. Y. 960) and furnishes no bar to this court’s jurisdicition. Moreover, the personal presence of defendant in this State subjects him to the power of this court to direct him to perform what is required of him even though such performance must take *790 place outside the borders of this State (Smyrna Theatre Co. v. Missir, 198 App. Div. 181; Jones v. Jones, 8 Misc. 660). In this connection, .defendant’s contention that he is not being sued “ as trustee ” furnishes no ground for dismissal, particularly since the body of the complaint adequately notifies him of claims against him in both his individual and fiduciary capacity (CPLR 3013; see Lane v. Mercury Record Corp., 21 A D 2d 602).
Therefore, the question becomes whether this court .should exercise the power it has over defendant. It is established beyond debate that jurisdiction .should be exercised where the court has in personam jurisdiction over all interested parties (Smyrna Theatre Co. v. Missir, supra; Jones v. Jones, supra; see Braman v. Braman, 236 App. Div. 164; Central Hanover Bank & Trust Co. v. Peabody, 190 Misc. 66). That result is equally justified where the court has in rem jurisdiction of the assets of the trust (Matter of Earnshaw, 196 N. Y. 330, 335). But defendant urges that neither ground is complete in this action. Most of the trust assets are not here and some of the contingent .remaindermen cannot be brought before this court. Hence, the seven nonappearing remaindermen would not be bound by this court’s determination from the standpoint of in rem jurisdiction over their interests (see Matter of Saddy, 129 N. Y. S. 2d 163), or of representation of their class (see CPLR 7703), or on the basis of personal .service/ However, a defect of parties is not a ground for dismissal of the complaint (see McKnight v. Bank of New York & Trust Co., 254 N. Y. 417, 422). Even where it is impossible to bring in indispensable parties due to their nonresidence, the action is not dismissed but allowed to continue (Keene v. Chambers, 271 N.Y. 326, 330).
It is true that the settlor intended that the trust be regulated by the courts of Rhode Island perhaps to avoid the New York rule against perpetuities which obtained in 1942. But there is no indication that defendant trustee had ever submitted either himself or the trust res to the jurisdiction of the Rhode Island courts until spurred by the commencement of this action. That also points up the inapplicability of several of the cases relied upon by defendant. This defendant .trustee of an inter vivos trust of personal property is not in the same position as an executor or administrator whose capacity to sue or be sued in a representative capacity is a creature of the appointing court. Hence, the restrictions on suit by or against executors or administrators appointed by the courts of other States (see Helme v. Buckelew, 229 N. Y. 363; People ex rel. Safford v. Surrogate’s Ct., 229 N. Y. 495) do not apply to him. *791 Even if they did apply in some measure, our courts may intervene to administer local assets such as the disputed stock certificates to prevent the commission of tort or devastavit (Helme v. Buckelew, supra; Squier v. Houghton, 131 Misc. 129).
In addition, there is no showing that the nonappearing remaindermen would be prejudiced or that their interests would be adversely affected by disposition of the action in their absence in this court. Surely, they cannot be prejudiced by the furnishing of an account. Moreover, if defendant’s purchase of the stock was in violation of his trust, the approval or non-approval of that act by the remaindermen would be of no consequence.
For the above reasons, the motion to dismiss the complaint is denied, but without prejudice to appropriate application for joinder of additional parties.
Plaintiff contends that defendant violated the following provision of the order to show cause by commencing the proceeding in Bhode Island: 1 ‘ ordered, sufficient cause appearing therefor, that, pending the hearing of this motion, defendant is hereby restrained from selling, transferring or disposing of the 300 shares of common stock of Vesta Underwear Company and the 52 shares of common stock of Vesta Corporation he purchased from himself as trustee under the said deed of trust and from removing the certificates for said shares from the State of New York, and from changing the status quo with respect to any rights which plaintiff or her issue may have under said deed of trust; and it is further ’ ’.
That provision might be reasonably construed as applying only to actual disposition or transfer of assets. Although the broad reference to the “ status quo ” may be applied to commencing other proceedings, it is not sufficiently definite to make that act contumacious.
Plaintiff’s motion for a temporary injunction against disposal of the stocks appears well-designed to insure the proper disposition of this action. Defendant has offered to place the stocks in escrow pending hearing and determination of -the action. Therefore, the plaintiff’s motion for a temporary injunction is granted unless defendant furnishes the certificates representing the 300 -shares of VUG common and 52 shares of VC common to plaintiff’s attorneys within five days after -service of a copy of the order herein with notice of entry. Plaintiff’s attorneys will hold them in escrow pending further disposition of the court.
Defendant’s -motion to extend his time to move for a protective -order until 10 days after service -of the order to be entered on the motion to dismiss the complaint is granted.