thereon and to warn them of dangerous conditions on the premises known to him and of which he believes them to be unaware (*Beedenbender* v. *Midtown Props., supra*). Plaintiff concedes that there was no violation of the duty to warn in this case. The question at issue narrows, therefore, to whether plaintiff was injured by a breach of defendant's duty to keep safe for him a part of the church premises ordinarily used for ingress and egress. The fact that plaintiff had acted reasonably in choosing a path other than the one which the owner had provided does not convert the selected path into an ordinary means of access to the property (cf. *Reinholtz* v. *Singer, supra*; *Beedenbender* v. *Midtown Props., supra*). Nor does the fact that one witness testified that some parishioners attending the church walk across the grass have any such effect (cf. *Larson* v. *First Nat. Bank of Mount Vernon*, 37 Misc 2d 678, 680). No invitation to use property arises from the owner's failure to enclose it to prevent passage over it (cf. *Bennett* v. *City of Mount Vernon*, 243 App. Div. 119, 120; *Basmajian* v. *Board of Educ.*, 211 App. Div. 347, 354; see 4 Shearman & Redfield [rev. ed.], Negligence, § 781; James, Tort Liability of Occupiers of Land, etc., 63 Yale L. J. 605, 619–620). In the absence of evidence sufficient to create a jury question as to whether the grass lawn was an ordinary means of access to the church premises, there is no basis for casting the defendant church in liability; hence, its motion to dismiss the complaint should have been granted. Ughetta, Acting P. J., Hill and Benjamin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to affirm the judgment.

■ Dᴀᴠɪᴅ Mɪɴᴛᴏɴ, Respondent, v. Rɪᴄʜᴍᴏɴᴅ Bᴇɴɴᴇᴛᴛ Cᴏʀᴘ., Appellant. — In an action to recover damages for personal injury sustained in a fall on ice, the defendant appeals from a judgment of the Supreme Court, Richmond County, entered December 15, 1964 after trial, upon a jury's verdict in the plaintiff's favor for $25,000. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. Upon all the evidence, plaintiff has failed to establish that the ice on the sidewalk, upon which he slipped, resulted from water artifically diverted onto the sidewalk from the abutting premises (cf. *Cannon* v. *Pfleider*, 19 A D 2d 625). Ughetta, Acting P. J., Hill and Benjamin, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment, with the following memorandum, in which Brennan, J., concurs: The plaintiff established at the trial that, at the time of the accident and for some time before, the drainpipes, collecting water from the roof of the defendant's building had been broken and that the defendant had notice of this defective condition. Thus, the water was diverted into the alley alongside the building, and eventually upon the sidewalk, where it froze. This condition as to the diversion and freezing of the water likewise was shown to have existed for some time before the accident. In my view, these facts were sufficient to create liability on the part of the defendant. In effect, the defendant affirmatively diverted water by artificial means from other parts of its premises and cast the water on the sidewalk, compounding its action by permitting the drainpipes to remain in a broken condition (see *Selig* v. *Mastoloni*, 283 App. Div. 741; *Feinblum* v. *City of New York*, 252 App. Div. 330, affd. 277 N. Y. 708; cf. *Tremblay* v. *Harmony Mills*, 171 N. Y. 598; *Cesario* v. *Chiapparine*, 21 A D 2d 272, 279). Hence, the plaintiff's injury was directly caused by the defendant's actions.

■ Lᴏʀʀᴀɪɴᴇ O'Hᴀʏᴇʀ, Respondent, v. Oᴠɪᴅᴇ Dᴇ Sᴛ. Aᴜʙɪɴ, Jʀ., Appellant. — In an action by an income beneficiary and remainderman of a trust against the trustee: (a) to annul and set aside defendant's sale to himself of stock which had been part of the trust principal; (b) to remove defendant as trustee and appoint another in his place; (c) to require defendant to account; and (d) for other equitable relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County,

entered December 24, 1964, as denied his cross motion to dismiss each of the causes of action stated in the complaint on the ground that the Supreme Court cannot or should not exercise jurisdiction over the subject matter and that the court should relinquish its jurisdiction in favor of the Superior Court of Rhode Island. Such denial was "without prejudice to [an] appropriate application for joinder of additional parties". Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Defendant contends that the action should not be permitted to continue in the absence of certain contingent remaindermen who were not subject to the jurisdiction of the court. In our opinion, under the circumstances of this case the nonresident contingent remaindermen are not persons who should be joined pursuant to the statute (CPLR 1001, subd. [a]). Moreover, even if they were such persons, justice requires that the court permit the action to proceed in their absence (CPLR 1001, subd. [b]). (For opinion at Special Term, see 44 Misc 2d 786.) Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■    LILA S. OLMSTEAD, Appellant, v. JOHN W. OLMSTEAD, Respondent. (Action No. 1.) LILA S. OLMSTEAD, Appellant, v. JOHN W. OLMSTEAD, Respondent. (Action No. 2.) — In an action by a wife to recover payments allegedly due under a separation agreement for the period April 2, 1961 to May 16, 1962, and for other relief (Action No. 1), and in an action by the wife for a judicial separation on the ground of nonsupport (Action No. 2), the plaintiff wife appeals from: (1) an order of the Supreme Court, Westchester County, entered September 14, 1962, which dismissed the complaint in Action No. 1 for patent insufficiency; and (2) an order of said court, entered March 7, 1963, which dismissed the complaint in Action No. 2 for patent insufficiency. Orders reversed, with one bill of $10 costs and disbursements, and motions to dismiss the complaint in each action denied. The defendant's time to answer the complaint in each action is extended until 30 days after entry of the order hereon. On the court's own motion, the two actions (No. 1 and No. 2) are directed to be consolidated and tried together. The parties were married on August 2, 1929. There are two daughters of the marriage, one born December 7, 1939 and the other July 29, 1942. Thereafter on July 12, 1946, the parties entered into a separation agreement which provided, *inter alia,* that defendant pay plaintiff for the support and maintenance of plaintiff and the two minor children the sum of $95 semimonthly. In a prior action between the parties plaintiff's complaint to recover moneys due under the separation agreement was dismissed because (1) the agreement provided for payment to plaintiff of a single sum periodically for the support of herself and the two children of the parties; (2) the children were not living with plaintiff or being cared for by her during the period for which the payments were claimed; and (3) the court could not award plaintiff a portion of the single agreed amount (*Olmstead* v. *Olmstead,* 282 App. Div. 946). In our opinion, that determination was incorrect in the light of later decisions by the Court of Appeals (*Nichols* v. *Nichols,* 306 N. Y. 490), since it here appears that the plaintiff's failure to support the children was attributable to a cause not of her own making. Whether that state of facts actually existed during the period involved in the present action is a question of fact to be determined by plenary proof upon the trial. The fact that the children were with defendant during the period in question is immaterial (*Nichols* v. *Nichols, supra*). The fact that the older of the two daughters had attained her majority on December 7, 1957 is likewise immaterial (*Rehill* v. *Rehill,* 306 N. Y. 126). Whether the second cause of action (alleged in the complaint in Action No. 1) is sufficient is also immaterial. The motion to dismiss was directed to the complaint as a whole and, since one cause of action is