■ VINCENT SARRICA, Respondent, v. FRANCES SARRICA, Appellant.— Order, Supreme Court, New York County, entered August 4, 1972, denying defendant's motion to dismiss the first cause of action, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, the motion granted and the first cause of action dismissed. The stay granted by order of this court entered on October 2, 1972 is vacated. Plaintiff seeks to impress a trust upon a condominium apartment located in Florida, a declaration that he is the sole owner thereof, and a direction to defendant to execute a deed in plaintiff's favor. An action to partition the property, commenced by the defendant after the institution of this action is presently pending in Florida. Both parties have appeared therein. Having acquired in personam jurisdiction over the parties, our courts may determine their rights to foreign realty. (Smyrna Theatre Co. v. Missir, 198 App. Div. 181.) However, we may decline to entertain jurisdiction where the action seeks to adjudicate title to real property outside the State. (Broaddus v. Vanadium Corp. of Amer., 19 A D 2d 886; Johnson v. Dunbar, 282 App. Div. 720, affd. 306 N. Y. 697.) Since the condominium, subject matter of the litigation, is the creature of a Florida statute, and furthermore, since there is an action involving title to the property presently pending in Florida between the same parties, we should decline jurisdiction. Concur — Markewich, J. P., Nunez, Lane, Tilzer and Macken, JJ.