■ DONALD COHEN et al., Appellants, v HERBERT J. FARBER, Respondent. —Order, Supreme Court, New York County, entered April 21, 1978, denying plaintiffs' motion for a temporary injunction and granting defendant's cross motion to dismiss the complaint, unanimously modified, on the law and the facts, without costs or disbursements, to deny the cross motion to dismiss the complaint and otherwise affirmed. Plaintiffs, tenants in a building recently purchased by defendant, allege that their leases permit their apartment usage for both residential and medical office purposes. Defendant, claiming the medical office usage is both illegal and in violation of the leases, has served 10-day notices of termination on two of the plaintiffs and a 30-day notice on the other plaintiff whose lease was about to expire. The complaint, alleging an harassment and interference with the plaintiffs' enjoyment of their premises at a time when the defendant was not free to act in such a manner, seeks to enjoin the defendant from further interference and seeks damages for the alleged interference. Special Term denied the motion for the preliminary injunction and dismissed the complaint, holding that "The appropriate forum for the plaintiffs is the landlord-tenant proceeding already pending in the Civil Court". Unlike the tenants in *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630), plaintiffs have not sought a preliminary injunction to prevent cancellation or termination of their leases or to stay the running of the time periods in the notices of termination in aid of an action for a declaratory judgment (see, also, *Weinerwald 8th St. v Third Brevoort Corp.,* 38 AD2d 524). The alleged conduct of the landlord upon which they rest their application for a preliminary injunction is available to them in Civil Court as a legal or equitable defense (CCA, § 905) and the adequacy of this remedy weighed against the issuance of a preliminary injunction was sufficient justification for Special Term's discretionary denial of the latter (7A Weinstein-Korn-Miller, NY Prac, par 6301.13). Special Term should not have dismissed the complaint because of the pendency of the Civil Court proceeding since the latter was instituted later in time *(Hirsh v Manhattan Ry. Co.,* 84 App Div 374; *O'Hayer v St. Aubin,* 44 Misc 2d 786, affd 24 AD2d 604). Furthermore, the complaint, seeking an injunction and damages, alleges conduct and threatened conduct that might warrant affirmative equitable relief not available in Civil Court (see CCA, § 209, subd [b]). Concur—Lupiano, J. P., Silverman, Markewich, Lynch and Sullivan, JJ.