**MDO DEVELOPMENT CORPORATION,**
**Plaintiff,**

v.

**Patrick J. KELLY and Debra B. Kelly, Defendants.**

**No. 87 Civ. 0068 (RPP).**

United States District Court,
S.D. New York.

May 1, 1990.

**592**

Burns & Beck by John M. Burns, III, New York City, for plaintiff.

Adler & Klein by Herbert Adler, New York City, for defendants.

## OPINION

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Patrick J. Kelly and Debra B. Kelly move, pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, for an order amending and modifying the Findings of Fact, Conclusions of Law and Decision of this Court dated November 28, 1989, and amending the judgment entered upon said decision on December 13, 1989.

Defendants first take issue with the Court's finding and imposition of a constructive trust on defendants' real property located in Connecticut, maintaining (1) it was an improper extra territorial exercise of this Court's jurisdiction insofar as the imposition of a constructive trust shall be deemed to have any *in rem* effect on the title to the premises, and (2) the doctrine of unclean hands bars the granting of such relief, which defendants claim is equitable in nature.

██ Defendants raise this issue for the first time in their post-decision motion. Without belaboring the point, the defendants are the sole owners of the Connecticut property and were both before this Court, and the cases are clear that in these circumstances the Court may make such orders as are necessary to effect justice between the parties, including imposing a constructive trust on property outside the Court's jurisdiction. *See Massie v. Watts*, 10 U.S. (6 Cranch) 148, 160, 3 L.Ed. 181 (1810) ("in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."). *See also Mandley v. Backer*,

121 F.2d 875, 876 (D.C.Cir.1941); *Amey v Colebrook Guaranty Sav. Bank*, 92 F.2d 62, 63 (2d Cir.), *cert. denied*, 302 U.S. 750, 58 S.Ct. 271, 82 L.Ed. 580 (1937); *Republic of Philippines v. Marcos*, 862 F.2d 1355 (9th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1933, 104 L.Ed.2d 404 (1989); *Gardner v. Ogden*, 22 N.Y. 327 (1860); *Sarrica v. Sarrica*, 41 A.D.2d 613, 340 N.Y.S.2d 568 (1973); *Smyrna Theatre Co. v. Missir*, 198 A.D. 181, 189 N.Y.S. 4 (1921).

██ The argument that such equitable relief should be denied due to the doctrine of unclean hands also fails. Again, these are defenses defendants failed to raise earlier. Moreover, the Court made no finding of unclean hands and declines to do so now since the preponderance of the credible evidence did not show plaintiff to have unclean hands. Nor is there sufficient evidence for the Court to find that plaintiff acted *in pari delicto* with the defendants.

Defendants also complain that the Court's findings conclude that both parties lacked credibility and that therefore the Court should have denied all parties relief on their claims and counterclaims for failure to prove their respective cases by a preponderance of credible evidence. This claim is also meritless. Although there were aspects of the testimony presented by plaintiff that appeared dubious, there was a preponderance of other credible evidence supporting the findings of the Court.

██ Next, defendants take issue with the Court's failure to make findings of fact that Mr. Kelly incurred $461,693.00 in expenses on plaintiff's behalf and failure to apply such expenses as a set-off to the calculation of plaintiff's actual damages of $451,855.32. Defendants' claim fails here also. First, defendants' pleadings are not consistent with a set-off counterclaim; the counterclaim herein was for $50,000 in back wages and not for unreimbursed expenses.

Furthermore, the defendants' proof to support a set-off was insufficient. The evidence demonstrated that Mr. Kelly was entitled to be reimbursed for expenses subject to approval by Mr. O'Keefe and that in

1985–86 the years for which he now claims unreimbursed expenses Mr. Kelly, in fact, received check reimbursements for expenses of $34,551.18 by checks from MDO.

Moreover, there was no evidence that the additional expenses, which Mr. Kelly claims as set-off, were ever submitted for reimbursement while Mr. Kelly was employed, despite the fact that the cancelled checks for 1985 and 1986 in payment for those expenses totalling $228,690.44 were in Mr. Kelly's possession and would support his payments of those amounts (Exh. LL). Mr. Kelly also claims as set-off cash expenditures for fish in the round amount of $300,000 without back up. Assuming there were cash expenditures for fish, this evidence, absent evidence of timely request for reimbursement, is not sufficiently probative for a court to award a set-off.[1]

The Court does not feel it is necessary to rule on each specific expense submitted by Mr. Kelly as a possible set-off, but finds the testimonial evidence offered by Mr. Kelly as a whole did not meet the standard required in a federal court. For example, during testimony, Mr. Kelly claimed $11,255.00 for his housewarming party as a reimbursable expenditure on behalf of the plaintiff, as well as $1,500 for a fur coat for one of his female assistants.

Furthermore, as a disloyal employee Mr. Kelly breached his contract of employment and thus MDO has no legal obligation to repay him for disbursements allegedly expended pursuant to the terms of that contract during the period of disloyalty. *Graves v. Kaltenbach & Stephens, Inc.*, 205 A.D. 110, 199 N.Y.S. 248, (1st Dep't 1923), *aff'd*, 237 N.Y. 546, 143 N.E. 737 (1923); *cf. Heyman v. Kline*, 344 F.Supp. 1088 (D.Conn.1970), *aff'd in part and rev'd in part*, 456 F.2d 123 (2d Cir.), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972); *Sundland v. Korfund Co.*, 260 A.D. 80, 20 N.Y.S.2d 819 (1st Dep't 1940); *Turner v. Konwenhoven*, 100 N.Y. 115, 2 N.E. 637 (1885).

Lastly, defendants claim that the Court improperly imposed punitive damages including treble damages under RICO, 18 U.S.C. § 1964. In essence, defendants claim that the Court's conclusion that under New York law a disloyal employee is not entitled to reimbursement for any expenses incurred on behalf of an employer is penal in nature and that the penalty, when imposed in conjunction with the trebling of damages under RICO, is in error.

As already stated above, there is substantial doubt that the defendant suffered any "penalty" by the Court's decision not to allow a set-off at all, since the evidence consisted of highly questionable items of set-off and because none of these items were submitted for approval by Mr. O'Keefe or the bookkeeper, in accordance with the procedure required by the Water Club. Furthermore, defendants have not convinced the Court that the loss of reimbursement is punitive rather than remedial.

Secondly, with respect to the imposition of treble damages under RICO, the defendants failed to submit any authority for the proposition that the statute, which states that an injured person "shall recover threefold the damages he sustains," did not require literal application. In fact, imposition of treble damages is required by RICO. *Cullen v. Margiotta*, 811 F.2d 698, 713 (2nd Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1129, n. 27 (5th Cir.1988).

Rules 59(b) and 59(c) are intended to correct only manifest errors, *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986); *Filner v. Shapiro*, 83 F.R.D. 630, 631 (S.D.N.Y.1979). Defendants have failed to show such errors. Accordingly, their motion is denied.

Plaintiff's motion for sanctions against defendants' attorneys pursuant to Rule 11 is denied.

IT IS SO ORDERED.

---

1. Elsewhere, Mr. Kelly claimed he received $175,000 in cash reimbursements (Exh. MM).