■ ANATH WEISS, Appellant, v MOISE WEISS, Respondent.—In an action for a judgment declaring the rights of the parties with respect to certain real property in Israel, for the imposition of a constructive trust and for specific performance of trust agreements, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Doyle, J.), entered June 4, 1990, which granted the defendant's motion to dismiss the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which granted those branches of the motion which were to dismiss the first, second, and fourth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the first, second, and fourth causes of action are severed.

In her complaint, the plaintiff, who is the defendant's daughter, alleged that in or about August 1983 her paternal grandmother, Hanna Weiss, promised to buy her an apartment in Tel Aviv, Israel. The plaintiff was then 17 years old. The defendant told his mother that the plaintiff was unable to own real property under Israeli law until she attained the age

of 18 years. He therefore convinced his mother to buy the property in his name upon his assurances that he would hold it in trust for his daughter and convey it to her upon her request once she was of age. In September of that year the plaintiff reached the age of 18 and asked the defendant to deed the apartment to her. In response to this request, the defendant promised that upon their next trip to Israel, he would instruct his attorney to prepare the necessary documents. However, in August 1984 while the two were in an attorney's office in Israel, the defendant refused to transfer the property as promised, but instead insisted that he retain a one-third interest therein until a later time. The complaint further alleges that the plaintiff executed a deed to this effect, trusting her father to return the one-third interest later. She claims that this deed, granting her a two-thirds interest, never was recorded. In May 1985 she discovered that the property had not been transferred and the defendant refused to do so upon demand. She thus claims that the promises he made to his mother were false when made and were made for the purpose of defrauding the plaintiff.

The first cause of action is for imposition of a constructive trust. The second cause of action is for specific performance of the agreement between the defendant and his mother, Hanna Weiss. The fourth cause of action is for specific performance of the agreement between the plaintiff and the defendant to transfer the title of the property and to record the deed which granted the plaintiff a two-thirds interest. The remaining two causes of action seek a declaration of the parties' rights in the apartment (third cause of action) and in another, unrelated piece of property elsewhere in Israel (fifth cause of action). The Supreme Court (Doyle, J.) held that the first, second, and fourth causes of action failed to state a cause of action, and dismissed the third and fifth causes of action on the ground that those causes of action sought equitable relief with respect to "foreign realty".

We agree with the Supreme Court that because the first, second, and fourth causes of action seek to enforce a constructive trust, and related agreements, jurisdiction lies to rule on their existence and enforceability notwithstanding that the apartment at issue is outside New York State (see, RPAPL 121; Sarrica v Sarrica, 41 AD2d 613; Smyrna Theatre Co. v Missir, 198 App Div 181). However, it was error to dismiss those causes of action pursuant to CPLR 3211 (a) (7). Viewing the allegations as a whole, as we must where claims are attacked for legal insufficiency (see, Guggenheimer v Ginzburg,

43 NY2d 268, 275, citing *Foley v D'Agostino,* 21 AD2d 60, 64-65), we conclude that the plaintiff has alleged facts which would support those three causes of action. "Where the owner of land transfers it inter vivos to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, the transferee will be compelled to hold the land upon a constructive trust for the third person, if the transferee at the time of the transfer was in a confidential relation to the transferor. * * * In such a situation a wrong is committed not merely against the transferor but also against the third person; and a court of equity will specifically redress the wrong by putting the parties in the position in which they would have been if the wrong had not been committed" (Restatement [Second] of Trusts § 45, comment *c*). This view is well-established law in New York *(see, McKenna v Meehan,* 248 NY 206; *Goldsmith v Goldsmith,* 145 NY 313; *Tebin v Moldock,* 19 AD2d 275, *mod* 14 NY2d 807; *Goldstein v Brockstein,* 281 App Div 762; *Wnuk v Wnuk,* 95 NYS2d 254, *affd* 276 App Div 1102). Given the relationships and promises alleged, the plaintiff has stated a cause of action for imposition of a constructive trust, for specific performance of the oral trust agreement between Hanna Weiss and the defendant, and for specific performance of the defendant's promise to transfer the property to the plaintiff and to record the deed granting her a two-thirds interest in the property, inasmuch as these promises to the plaintiff herself are grounded on a grantor-grantee trust agreement *(see, Sharp v Kosmalski,* 40 NY2d 119; *cf., Scivoletti v Marsala,* 61 NY2d 806). Accordingly, the first, second, and fourth causes of action must be reinstated.

We have examined the plaintiff's remaining contention and find it to be without merit *(see, Johnson v Dunbar,* 114 NYS2d 845, *affd* 282 App Div 720, *affd* 306 NY 697). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.