■ EVELYN VOULGARELIS, Respondent, v NIKOS VOULGARELIS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 1, 1988, which granted the motion of the plaintiff wife, inter alia, for the appointment of a receiver of the premises located at 72 South First Street, Brooklyn, for the purpose of selling the property at a private sale for cash, and (2) from an order of the same court, dated March 7, 1990, which, inter alia, denied the husband's motion for a new trial and for a change of venue.

Ordered that the orders are affirmed, without costs or disbursements.

The husband contends that the trial court improperly applied the Equitable Distribution Law set forth in Domestic Relations Law § 236 (B) in determining the disposition of the parties' property, since the parties separated prior to the effective date of the statute. We disagree.

As set forth in Domestic Relations Law § 236, the provisions of Part B shall be controlling with respect to any action or proceeding *commenced* on or after July 19, 1980, the effective date of the statute. Since the wife commenced the divorce action in April 1986 the application of the Equitable Distribution Law was proper in this case.

The court properly denied the husband's application for a new trial on the issue of whether a house located in Riverhead constituted the wife's separate property. He contends that that determination was based upon perjured testimony. In support of that allegation, he submitted an affidavit by the parties' daughter contradicting the mother's testimony. That affidavit did not establish that the court's findings were clearly erroneous *(see, People v Armstead,* 98 AD2d 726).

We have reviewed the husband's remaining contentions and conclude that they are without merit. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.