■ HILDA SORRELL, Appellant, v CHARLES SORRELL, Respondent. [650 NYS2d 237] —In a matrimonial action in which the parties were divorced by judgment dated November 5, 1993, the plaintiff wife appeals from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated September 18, 1995, which, after a nonjury trial, determined, *inter alia*, that the marital residence of the parties was subject to equitable distribution and that the defendant husband was entitled to an equal distribution of the proceeds from the sale of the marital residence.

Ordered that the judgment is affirmed, with costs.

The wife contends that the Supreme Court impermissibly applied the equitable distribution provisions set forth in Domestic Relations Law § 236 (B) in determining the distribution of the parties' property, since the parties transferred the marital property to the wife only prior to the effective date of that statute. We disagree. As set forth in Domestic Relations Law § 236, the provisions of part B shall be controlling with respect to any action or proceeding *commenced* on or after July 19, 1980, the effective date of the statute (*see, Voulgarelis v Voulgarelis,* 183 AD2d 891, *lv denied* 80 NY2d 760, *cert denied* 510 US 860). Since the wife commenced the divorce action in August 1992, the application of Domestic Relations Law § 236 (B) was proper in this case.

We also find no merit to the wife's contention that the Supreme Court erred in classifying the parties' residence as marital property. Although title to the property was transferred during the course of the marriage to the wife only, this is not determinative on the issue of whether the property is separate or marital in nature (*see,* Domestic Relations Law § 236 [B] [1] [c]), particularly where, as here, the testimony at trial on this issue was equivocal. While the wife contends that the property was transferred to her with the intention that it become separate property, the husband testified that the property was transferred for insurance purposes only, and both

parties contributed to improvements thereto after the transfer was made. Further, the wife was unable to produce any written agreement entered into between the parties reflecting a division of separate and marital property. Under these circumstances, it cannot be said that the Supreme Court erred in resolving what was essentially a credibility issue in the husband's favor (*see, Seidman v Seidman,* 226 AD2d 1011). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.