OPINION OF THE COURT
Kenneth W. Rudolph, J.
Plaintiff maintains this action for absolute divorce, and ancillary relief to be determined by this court after nonjury trial.[1]
*171 Plaintiff, Mary Riechers (wife), was married to the defendant, Roger Riechers (husband), on July 9, 1966.
There are two emancipated children of this marriage, Matthew Riechers (born Aug. 26, 1970) and Christopher Riechers (born July 4, 1975).
At the time of their marriage, plaintiff was a licensed registered nurse at St. Vincent’s Hospital and defendant was a second-year medical student at New York University Medical School. Prior to the marriage, the defendant had earned a Bachelor of Arts degree at Columbia University in 1964. The defendant received his medical degree in 1968 and obtained his license to practice medicine in 1969.
The parties entered the marriage without appreciable assets.
The wife’s earnings constituted the base support of the family while the husband attended school and began his residency at Mount Sinai Hospital. Plaintiff continued to work after her first born and contributed to the financial stability of the parties through the 1970’s.
Upon completion of his residency requirements, the parties moved to White Plains where defendant began his career as an associate urologist employed by a White Plains practitioner.
In 1975, defendant moved on to open his own practice in Yorktown Heights and the parties purchased their first home in Chappaqua. In these early days of defendant’s practice, the plaintiff often worked with her husband at his office and performed duties from receptionist to registered nurse.
During this entire period of time, the plaintiff wife worked closely with her husband and was very supportive of his career decisions, and the defendant consulted with her each step along the way.
The parties differ sharply on the social and community involvement efforts of the wife towards the success of defendant’s medical practice, but it is clear that the parties worked as a team to support, promote and develop the medical practice of defendant throughout the marriage. The credible evidence adduced at the trial of this action established by a fair preponderance that the defendant’s refusal to maintain sexual relations with the wife was wilful, and without cause or justification despite plaintiff’s repeated requests to the contrary.
Plaintiff, Mary Riechers, is entitled to a judgment of divorce dissolving her marriage to the defendant, Roger Riechers, upon the grounds of the constructive abandonment of the plaintiff by *172 the defendant pursuant to Domestic Relations Law § 170 (2) (see, Diemer v Diemer, 8 NY2d 206 [1960]).
EQUITABLE DISTRIBUTION
Considering the age and health of the parties, the duration of the marriage, the parties’ respective contributions to their marriage, income and assets of the parties entering the marriage, the fact that plaintiff will no longer be a legatee under defendant’s last will and testament and may no longer be entitled to any distribution from the Riechers Family Trust, and in reviewing the credible evidence, and considering the legislative factors enumerated in Domestic Relations Law § 236 (B) (5) (d), this court determines that the economic and social partnership of this 31-year marriage requires equal distribution of all marital assets. (See, Damiano v Damiano, 94 AD2d 132, 138-139 [1983].)
Marital assets constitute all property acquired by either spouse during the marriage and before commencement of this action irrespective of title (Sorrell v Sorrell, 233 AD2d 387 [1996]), except as otherwise provided by agreement or excluded as separate property pursuant to Domestic Relations Law § 236 (B) (5) (b).
RIECHERS FAMILY TRUST
In September 1992, the defendant, Roger M. Riechers, as general partner, formed the Riechers Family Partnership Limited, a limited partnership formed under the laws of the State of Colorado. At the same time the defendant, as settlor, established an irrevocable trust in the Cook Islands under Cook Islands law (see, International Trust Act of 1984). Further, the Riechers Family Trust was funded with 99% of the assets of the Colorado limited partnership. The remaining 1% of the Colorado limited partnership is owned by Dr. Riechers. The trust portfolio was valued at approximately $4,000,000 as of December 1994.
The trust beneficiaries are plaintiff, defendant and their children. However, the plaintiff is not personally named as a beneficiary. Rather, the trust instrument designates plaintiff in a separate category as “Spouse of the Settlor”, the designation and the benefits thereof, plaintiff would lose on entry of a judgment of divorce.
The plaintiff maintains that all the assets used to fund the limited partnership and trust were marital assets; that the trust is not irrevocable; that plaintiff did not give an informed *173 consent to the establishment of the trust or the transfer of marital assets to the trust; and that plaintiff is entitled to a sum of money representing plaintiffs equitable distribution from the corpus of the trust.
In separate litigation, prior to the commencement of this trial, plaintiff began an action in the high court of Cook Islands (Oct. 1997) naming Dr. Riechers and the trustees of the Riechers Family Trust (Southpac Trust International Inc. and Louis Meltzer) as codefendants. The Cook Islands court, by order dated October 23, 1997, issued a Mareva injunction[2] ordering, in part, that the settlor and trustees:

“be restrained and an injunction be granted restraining them until trial or further order in the case * * * from acting or omitting to act in a manner which may have the effect of* * *

“(c) removing from the jurisdiction of this Court, disposing of, mortgaging, assigning, pledging, charging or otherwise dealing with any of the assets purportedly disposed of or transferred to the Trust within the jurisdiction (in particular but no[t] limited to the property referred to in the affidavit of the plaintiff filed herewith) * * *
“(g) removing or substituting any beneficiary of the Trust”.
It is important to review the facts and circumstances leading up to the formation of the Colorado limited partnership and the Riechers Family Trust. Dr. Riechers maintains that as a result of three separate malpractice lawsuits filed against him between 1984 and 1988, he began to consider asset protection planning to preserve the family assets. While the plaintiff confirms that Dr. Riechers was very concerned about the subject malpractice litigation, Mrs. Riechers denies that she was ever consulted by the defendant in the planning or formation of the Riechers Family Partnership Limited. Further, plaintiff maintains that she only became aware of the Riechers Family Trust after this action for divorce was commenced.
It cannot be said with any degree of certainty that the formation of the limited partnership and the Riechers Family Trust *174 was an attempt by Dr. Riechers to avoid the consequences of equitable distribution of marital assets in contemplation of divorce by secreting marital assets (Contino v Contino, 140 AD2d 662 [1988]) or by deliberate dissipation of marital assets (Goldberg v Goldberg, 172 AD2d 316 [1991]).
Assuming, arguendo, that this court had jurisdiction over the corpus of the Riechers Family Trust, which it does not, a cause of action would not lie to set aside the trust since the trust was established for the legitimate purpose of protecting family assets for the benefit of the Riechers family members (Ciaffone v Ciaffone, 228 AD2d 949, 953 [1996]).
Nevertheless, it is clear and unequivocal, that the limited partnership and the Riechers Family Trust were funded with marital assets with the exception of minimal funds attributable to moneys received by defendant from his mother offset by defendant’s 1% retention in the Colorado limited partnership. The value of the Riechers Family Trust (Nov. 1997) is $5,463,154 as follows:
Riechers Family Partnership Limited 99% $1,432,795
Brook Limited-11/14/97 100% $4,030,359
$5,463,154

The question remains, therefore, whether in the absence of a finding of economic fault, as determined in the case at bar, the value of marital assets placed in an irrevocable trust, is subject to equitable distribution? The answer is in the affirmative.

In the case at bar, this court has no jurisdiction over the corpus of the Cook Islands Riechers family irrevocable trust. Nevertheless, the court has in personam jurisdiction over the defendant. (See, Scheinkman, New York Law of Domestic Relations § 14.15, at 434 [“Marital property is marital property, irrespective of its location. If the court has personal jurisdiction over the parties, it may adjudicate as to property located out of state (see, Miller v Miller, 109 Misc 2d 982 [Sup Ct, Suffolk County 1981]). Thus, whatever property the parties have, wherever in the world located, it may be subject to equitable distribution upon divorce”].)
Upon the divorce of the parties, which has been granted herein, the plaintiff wife will no longer be a beneficiary of the Riechers Family Trust notwithstanding the Mareva injunction granted by the high court of Cook Islands. While the ultimate determination of the entitlement to the corpus of the trust remains with the high court of Cook Islands, this court awards to the plaintiff one half of the value of the marital assets placed in the Cook Islands trust by the defendant as of December *175 1994, to wit: $2,000,000. This award shall not be duplicative of any award that may be made to the plaintiff by the high court of Cook Islands, and no stay shall issue thereon. Further, this court is not unmindful of the passive appreciation of assets placed in the Riechers Family Trust for which no award has been made to the plaintiff. In the absence of a finding of economic fault, as determined by this court, that issue is properly before the high court of Cook Islands.

. In the full text of this decision the court makes numerous findings on the distribution of marital property and related matters. This publication is limited to essential facts and holdings related to equitable distribution of marital assets placed in an irrevocable trust in a foreign jurisdiction.

. “English courts first fashioned this remedy 20 years ago and named it the ‘Mareva injunction’ * * * [Mareva Compania Naviera S.A. v International Bulk Carriers S.A., 1 All ER 213 (1980)]. The Mareva injunction is based on the fundamental principle that no court should permit a defendant to take action designed to frustrate subsequent orders of the court. The injunction is tailored for recalcitrant defendants who would try to conceal or transfer assets to become ‘judgment proof.’ ” (Maguire, Freezing Assets Worldwide: Second Circuit Approves Mareva Injunction, NYLJ, June 18, 1998, at 1, cols 1-2.)