■ MARY RIECHERS, Appellant-Respondent, v ROGER RIECHERS, Respondent-Appellant. [701 NYS2d 113] —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated September 29, 1998, which, after a nonjury trial, *inter alia,* awarded her the sum of $2,000,000 representing one-half the value of an offshore trust established by the defendant husband in the Cook Islands, and awarded her maintenance in only the sum of $5,000 per month until the defendant husband reaches the age of 65, (2) as limited by her brief, from so much of an order of the same court, entered March 29, 1999, as denied that branch of her motion which was to resettle the judgment entered October 1, 1998, to provide that the defendant husband pay the amount awarded to her as a distributive award by a date certain, and (3) from a judgment of the same court entered May 5, 1999, upon the order entered March 29, 1999, which is in her favor and against the defendant husband in the principal sum of $3,052,853.20. The husband cross-appeals, (1) as limited by his brief, from stated portions of the judgment dated

September 29, 1998, which, *inter alia*, awarded the plaintiff wife maintenance and equitable distribution of certain assets, (2) from so much of the order entered March 29, 1999, as granted that branch of the plaintiff wife's motion which was for leave to enter a money judgment, and (3) from the judgment entered May 5, 1999, which is in favor of the plaintiff wife and against him.

Ordered that the appeal from the order entered March 29, 1999, is dismissed, without costs or disbursements, as no appeal lies from so much of an order as denies resettlement of the decretal paragraphs of a judgment; and it is further,

Ordered that the appeal from the judgment entered May 5, 1999, is dismissed, without costs or disbursements, as the plaintiff is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the cross appeals from the order entered March 29, 1999, and the money judgment entered May 5, 1999, are dismissed for failure to perfect the same (*see,* 22 NYCRR 670.10 [d]); and it is further,

Ordered that the judgment dated September 29, 1998, is modified, as a matter of discretion, by deleting from the seventeenth decretal paragraph thereof the sum of $2,000,000 and substituting therefor the sum of $2,178,865; as so modified, the judgment is affirmed insofar as appealed and cross appealed from, without costs or disbursements; and it is further,

Ordered that the order entered March 29, 1999 is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the defendant's argument, the trial court had the authority to determine whether assets used to create an offshore trust in the Cook Islands two years before the commencement of the divorce action were subject to equitable distribution (*see,* Domestic Relations Law § 236 [B] [5]; Scheinkman, New York Law of Domestic Relations § 14.15, at 434; *Weiss v Weiss,* 186 AD2d 247; *Sarrica v Sarrica,* 41 AD2d 613). Moreover, the court properly awarded the plaintiff one-half of the value of that trust as of December 1994. However, due to a computation error, the amount awarded to the plaintiff should be increased by the sum of $178,865.

The trial court providently exercised its discretion in declining to award an additional attorney's fee to the plaintiff under the circumstances of this case (*see,* Domestic Relations Law § 237).

The parties' remaining contentions are without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur. [*See,* 178 Misc 2d 170.]