■ MADELINE FRANKEL, Respondent, v UZIEL FRANKEL, Appellant. [709 NYS2d 97] —In an action for a divorce and ancillary relief, the defendant appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated November 30, 1998, as modified by an order of the same court dated January 4, 1999, as, in effect, vacated an order of the same court dated March 4, 1994, directing visitation between the defendant and the parties' son, Avraham, pendente lite, and granted those branches of the plaintiff's motion which were to recover $4,000 in child support arrears and counsel fees, (2) as limited by his brief, from so much of an order of the same court, dated February 8, 1999, as denied his cross motion to reargue stated portions of the prior order, and (3) a judgment of the same court, dated April 14, 1999, which is in favor of the plaintiff and against him in the principal sum of $4,000.

Ordered that the appeal from so much of the order dated November 30, 1998, as modified by the order dated January 4, 1999, as awarded child support arrears in the sum of $4,000 is dismissed; and it is further,

Ordered that the appeal from the order dated February 8, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 30, 1998, as modified by the order dated January 4, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the judgment dated April 14, 1999, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from so much of the order dated November 30, 1998, as modified by the order dated January 4, 1999, as awarded child support arrears in the sum of $4,000 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

By order dated November 30, 1998, as modified by an order of the same court dated January 4, 1999, the action was discontinued, and the Supreme Court vacated its pendente lite order dated March 4, 1994, directing visitation. The Supreme Court did not err in vacating its pendente lite order since this action was no longer pending. To the extent that the defendant seeks visitation, he may make an application in the appropriate forum.

Contrary to the defendant's contention, the Supreme Court properly calculated the amount of child support arrears. The plaintiff sought arrears from May 3, 1994, and the amount of the arrears was correctly calculated from that date. The statement in the order, as modified, that arrears were being awarded from May 3, 1997, was simply a scrivener's error.

Finally, the Supreme Court providently exercised its discretion in awarding counsel fees (*see,* Domestic Relations Law § 237 [a]). Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.