■ VIVIANE MARCELLUS-MONTROSE, Respondent, v JEAN MARC MONTROSE, Appellant. [922 NYS2d 506]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Diamond, J.), entered February 25, 2009, which, inter alia, after a nonjury trial, determined that 50% of the marital residence was marital property, and awarded him 20% of the net equity in the marital residence, and 20% of a cash payment received by the plaintiff upon refinancing the marital residence.

Ordered that the judgment is modified, on the law and the facts, by deleting therefrom so much of the eighth decretal paragraph as determined that "only 50% of the marital residence is considered to be marital property" and "Defendant is entitled to a [sic] 20% of the Plaintiff's share of the value of the 50% interest in the marital residence," and substituting therefor a provision determining that 100% of the marital residence is marital property, and awarding the defendant 20% of the net equity in the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before the . . . commencement of a matrimonial action, regardless of the form in which title is held." The marital residence, which was purchased during the parties' marriage, initially was held in the name of the plaintiff and her brother. In February 2005 the plaintiff and her brother transferred title to the plaintiff, and title was solely in her name at the time of the commencement of this action in July 2005. Since the marital residence was acquired by the plaintiff during the marriage, the presumption was that it was entirely marital property (see Fields v Fields, 15 NY3d 158, 163 [2010]; DeJesus v DeJesus, 90 NY2d 643, 652 [1997]).

The evidence adduced at the trial indicated that the plaintiff's brother's name was placed on the deed and mortgage of the marital residence, in lieu of the defendant's name, because the defendant did not have a Social Security number. The plaintiff's brother's contributions to the marital residence were, at best, sporadic, and could not be documented. Therefore, the plaintiff failed to overcome the presumption that the marital residence was entirely marital property.

Accordingly, the Supreme Court's determinations that "only 50% of the marital residence is considered to be marital property" and "Defendant is entitled to a [sic] 20% of the Plaintiff's

share of the value of the 50% interest in the marital residence" are erroneous, and must be modified to provide that 100% of the marital residence is marital property.

However, the Supreme Court awarded the defendant 20% of $120,000, the net equity in the marital residence, and 20% of $66,676, the sum of a cash payment received by the plaintiff when she refinanced the marital residence in February 2005, prior to the commencement of the action. The total distributive award of $37,375.20 comprised 20% of the marital property of the parties. As the defendant acknowledges in his brief, the erroneous finding that only 50% of the marital residence constituted marital property did not affect the ultimate award to him.

The limitation of the distributive award to 20% of marital property was based upon the Supreme Court's finding that the defendant's income "was not as significant compared to the monetary contributions of plaintiff." The defendant's annual income was about 20% of the annual income of the plaintiff.

The defendant claims his nonmonetary contributions to the marriage justify a higher award. He claimed that he cared for the children while the plaintiff was at work. However, this testimony was discredited when, during cross-examination, he acknowledged that a live-in babysitter cared for the children. Further, the plaintiff contributed monetarily to the furtherance of the defendant's music career. Equitable distribution does not mean equal distribution, and, under the circumstances of this case, the award to the defendant of 20% of the marital property was proper (see Shapiro v Shapiro, 35 AD3d 585, 587 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.