■ KELLY ASHMORE, Respondent, v BENJAMIN ASHMORE, Appellant. [939 NYS2d 504]—

The plaintiff (hereinafter the mother) and the defendant (hereinafter the father) were married on July 26, 1997, when the mother was 19 years old and the father was 20 years old. They have three minor children. The mother commenced this action for a divorce and ancillary relief on October 19, 2007.

At the inquest, a report prepared by forensic evaluator Wilma Cohen Lewis was submitted into evidence by the mother. Cohen Lewis interviewed the father, the mother, and the children in the preparation of the report. Cohen Lewis also conducted interviews with nine collateral witnesses who did not later testify at trial. Cohen Lewis recommended that the Supreme Court award custody to the mother and allow her to relocate with the children to Michigan, and that the father's visitation be supervised. At trial, Cohen Lewis testified that the father had alienated the children from their mother. Her interviews with the children led her to the conclusion that the father had influenced, if not outright coached, their responses. She testified that the father displayed signs of severe psychopathology and narcissistic personality disorder. Two other experts concurred with her assessment and recommendation. Cohen Lewis testified that she based her conclusions on her interviews with the parties and the children, and not on the interviews with the collateral witnesses.

Although the mother had suffered from obsessive-compulsive disorder and depression in the past, she received treatment for these conditions, and has had no symptoms since 2006. She submitted the father's employment records into evidence, demonstrating that he made $126,000 in 2009. The parties submitted evidence that the father was responsible for the majority of their student loan debt.

In a judgment dated July 3, 2011, the Supreme Court, inter alia, awarded custody of the children to the mother and permitted her to relocate with them to Michigan, directed that the father's visitation with the children be supervised, directed that the father pay the mother $125 per week for five years in maintenance and $2,583 per month in child support, directed the father to pay the mother $6,914, representing her share of the couple's 2007 tax refund, directed him to pay $116,500 of the $118,000 balance on the couple's student loans, directed him to be responsible for 90% of the remaining marital debt, directed him to pay one half of the cost of updated court-ordered forensic evaluations, and directed him to pay $30,000 of the mother's attorney's fees. The father appeals.

The father contends that the Supreme Court erred in admitting the report and testimony of the forensic evaluator because it was based, in part, on hearsay. We disagree. Although the collateral witnesses did not testify at trial, the forensic evaluator testified at trial that her conclusions were based on her interviews with the parties and the children (*see Matter of Mohammad v Mohammad*, 23 AD3d 476, 476-477 [2005]). More-

over, some of the evidence referred to by the collateral witnesses was eventually admitted at trial through other witnesses. Under these circumstances, and "[i]n light of the sharply conflicting testimony regarding the conduct of the parties, and evidence suggesting that the children were exhibiting behavioral problems," the Supreme Court properly admitted the forensic evaluator's testimony and report (*Ekstra v Ekstra*, 49 AD3d 594, 595-596 [2008]).

The essential consideration in making an award of custody is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Here, based on the totality of the circumstances, the Supreme Court properly determined that it was in the best interests of the children to award custody to the mother and allow her to relocate with them to Michigan (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). Moreover, the determination of whether visitation should be supervised is a matter left to the discretion of the trial court, and its findings will not be disturbed on appeal unless they lack a sound basis in the record (*see Matter of Lorraine D. v Widmack C.*, 79 AD3d 745, 746 [2010]). Here, the Supreme Court properly directed that the father's visitation be supervised, as the father's actions demonstrated that he was unwilling to allow the children to have a relationship with the mother (*see Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737 [1992]).

Contrary to the father's contention, the Supreme Court properly imputed to him an income of $126,000 per year based on his employment records. The Supreme Court properly based its child support and maintenance calculations on this imputation (*see generally Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]).

"The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Saleh v Saleh*, 40 AD3d 617, 617-618 [2007] [internal quotation marks and citation omitted]). Equitable distribution does not mean equal distribution (*see Marcellus-Montrose v Montrose*, 84 AD3d 752, 754 [2011]). Here, the Supreme Court properly found that the father should be responsible for the majority of the parties' student loans and other debts (*see Corless v Corless*, 18 AD3d 493, 494 [2005]).

The determination of a reasonable attorney's fee is generally left to the discretion of the trial court, which is usually in the best position to determine the factors integral to determining reasonable fees (*see Clifford v Pierce*, 214 AD2d 697, 698 [1995]).

"A court must consider the equities and circumstances of each particular case and [the parties'] respective financial positions in determining a counsel fee application" (*Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]). Here, the Supreme Court providently exercised its discretion in awarding the mother $30,000 of the $77,000 attorney's fee she had requested. The Supreme Court also providently exercised its discretion in its allocation of responsibility for the forensic evaluator's fee (*see Bluemer v Bluemer*, 47 AD3d 652, 653 [2008]).

Contrary to the father's contention, the Supreme Court Justice presiding over the trial was under no obligation to recuse himself in this case. "Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned" (*Matter of Khan v Dolly*, 39 AD3d 649, 650 [2007]). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [1999] [citation omitted]). Here, the father failed to allege a statutory basis to disqualify the Justice presiding over the trial, and nothing in the record indicates that the trial Justice had any interest in the outcome of this litigation. In addition, although the father commenced a separate CPLR article 78 proceeding against the trial justice at one point during this litigation, which was dismissed, that is not a basis for recusal (*see Matter of Khan v Dolly*, 39 AD3d at 650).

The father's remaining contentions are without merit. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.