— In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 8, 2011, as denied that branch of her motion which was for recusal.
Ordered that the order is affirmed insofar as appealed from, with costs.
The record does not reveal that any of the reasons for disqualification of a justice pursuant Judiciary Law § 14 are present here. Given the absence of any basis for disqualification predicated upon those express statutory provisions, the determination concerning a motion seeking recusal based on alleged impropriety, bias, or prejudice is within the discretion and “the personal conscience of the court” (People v Moreno, 70 NY2d 403, 405 [1987]; see Ashmore v Ashmore, 92 AD3d 817, 820 [2012]; Vogelgesang v Vogelgesang, 71 AD3d 1131, 1131 [2010]).
Here, the plaintiff failed to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (see Matter of Greenfield, 53 AD3d 488, 488 [2008]; Vest v Vest, 50 AD3d 776, 777 [2008]; Schreiber-Cross v State of New York, 31 AD3d 425, 425 [2006]).
The plaintiffs remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs motion which was for recusal (see Ashmore v Ashmore, 92 AD3d at 820; Irizarry v State of New York, 56 AD3d 613, 614 [2008]; Matter of Khan v Dolly, 39 AD3d 649, 650 [2007]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.