In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Gargüilo, J.), entered June 1, 2011, as, upon a decision dated February 23, 2011, made after a nonjury trial, directed him to pay child support retroactive to the date of the verified answer, directed him to pay child support arrears in the sum of $159,684.69, determined that he is not entitled to any portion of the gains realized in the sale of certain real property purchased by the defendant prior to the marriage, directed him to pay 61% of certain medical bills incurred as a result of the defendant’s pregnancies, and directed him to pay the defendant an attorney’s fee in the sum of $55,000.
Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to pay 61% of certain medical bills incurred as a result of the defendant’s pregnancies, and substituting therefor a provision directing him to pay 50% of
*659 those bills; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the plaintiffs contention, the Supreme Court did not err in directing him to pay child support arrears (see Frankel v Frankel, 272 AD2d 515, 516 [2000]). In calculating the amount of child support arrears, the court gave the plaintiff an appropriate credit for the amount of temporary child support he already paid (see Domestic Relations Law § 236 [B] [7] [a]; Higgins v Higgins, 50 AD3d 852, 854 [2008]). Furthermore, the court properly directed the plaintiff to pay child support retroactive to the date of the defendant’s verified answer, which contained her request for child support (see Burns v Burns, 84 NY2d 369, 377 [1994]; Elimelech v Elimelech, 58 AD3d 672, 674 [2009]).
However, the Supreme Court improvidently exercised its discretion in directing the plaintiff to pay 61% of certain medical bills incurred as a result of the defendant’s three pregnancies. Generally, expenses incurred prior to the commencement of an action for a divorce are marital debt to be equally shared by the parties upon an offer of proof that they represent marital expenses (see Epstein v Messner, 73 AD3d 843 [2010]). Nevertheless, “[t]he trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed” (Saleh v Saleh, 40 AD3d 617, 617-618 [2007] [internal quotation marks omitted]). Equitable distribution does not necessarily mean equal distribution (see Ashmore v Ashmore, 92 AD3d 817 [2012], cert denied 568 US —, 133 S Ct 1642 [2013]; Marcellus-Montrose v Montrose, 84 AD3d 752, 754 [2011]). The court may consider the entirety of the marital estate in apportioning responsibility for marital debt (see Corless v Corless, 18 AD3d 493 [2005]).
The evidence at trial did not establish a compelling reason why the plaintiff should be responsible for 61% of the subject medical bills, and those bills were not incurred primarily for the plaintiffs benefit (cf. id.). Moreover, in her posttrial memorandum of law the defendant contended that those medical bills should be apportioned equally between the parties. Under these circumstances, the Supreme Court should have directed the plaintiff to pay 50% of those medical bills.
The plaintiff’s remaining contentions are without merit. Angiolillo, J.E, Hall, Austin and Miller, JJ., concur.