■ MALKA YERUSHALMI, Appellant, v JOSEPH YERUSHALMI, Respondent. [26 NYS3d 114]—

Appeal from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated March 7, 2014. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to direct the defendant to remove the marital residence from the real estate market and enjoin him from selling or transferring the marital residence, and for an award of attorneys' fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to direct the defendant to remove the marital residence from the real estate market and enjoin him from selling or transferring the marital residence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The parties were married in 1971. They purchased the marital residence in 1983. In 1995, the plaintiff transferred title to the marital residence to a qualified personal residence trust (hereinafter QPRT). The parties continued to reside at the marital residence during the marriage. The QPRT provides that it would terminate upon the death of the plaintiff or after 23 years, whichever occurred first. If the plaintiff died prior to the expiration of the 23-year period, the property would be disposed of as part of the plaintiff's estate. If the QPRT terminated after 23 years, the property would revert to the beneficiaries. The parties were initially co-trustees of the QPRT, and the beneficiary of the QPRT is another trust, of which the defendant was the grantor.

Subsequently, the plaintiff commenced this action for a divorce and ancillary relief. In June 2013, before the parties were divorced, the defendant listed the marital residence for sale. The plaintiff moved, inter alia, to direct the defendant to remove the marital residence from the real estate market and enjoin him from selling or transferring the marital residence, and for an award of attorneys' fees. The Supreme Court, upon determining that the marital residence was not a marital asset because it was owned by the QPRT, and not by the parties, denied those branches of the motion.

Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before the . . . commencement of a matrimonial action, regardless of the form in which title is held." Since the marital residence was purchased by the parties during their marriage, using marital funds, it is presumed to be marital property (*see Fields v Fields*, 15 NY3d 158, 163 [2010]; *DeJesus v DeJesus*, 90 NY2d 643, 652 [1997]; *Marcellus-Montrose v Montrose*, 84 AD3d 752, 753 [2011]; *see also Riechers v Riechers*, 267 AD2d 445, 446 [1999]). The fact that title had been transferred to the QPRT, allegedly for estate planning purposes, while the parties continued to reside at the marital residence, was, under the circumstances here, insufficient to rebut the presumption (*see Riechers v Riechers*, 267 AD2d at 446). Consequently, the Supreme Court erred in determining that the marital residence was not marital property and should have granted that branch of the plaintiff's motion which was to direct the defendant to remove the marital residence from the real estate market and enjoin him from selling or transferring the marital residence.

The plaintiff's remaining contention is without merit. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.