■ Dino Ralis, Respondent, v Kiriaki Ralis, Appellant. [46 NYS3d 631]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Queens County (Elizabeth A. Anderson, Ct. Atty. Ref.), entered September 3, 2014. The judgment, upon an amended memorandum decision of the same court dated May 29, 2014, made after a nonjury trial, inter alia, awarded the defendant maintenance and made an equitable distribution of the parties' marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties married on May 15, 1987, and have no children. The plaintiff owned three real property interests before the marriage that became marital property during the marriage. In March 2009, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. A nonjury trial was held on the issues of equitable distribution of the marital property, maintenance, and attorney's fees. The Supreme Court issued a decision after trial dated December 17, 2013, and an amended memorandum decision after trial dated May 29, 2014. In a judgment entered September 3, 2014, the court awarded the defendant a distributive award of $1,023,500, payable in an initial lump sum of $180,000 and the remainder accruing interest at 3% per annum and payable in monthly installments in the amount of $5,000 commencing three years after the date of the judgment. The court also awarded the defendant maintenance in the amount of $6,000 per month for a term of three years commencing immediately upon the plaintiff's payment to the defendant of the $180,000 lump sum and the defendant's simultaneous transfer to the plaintiff of certain real estate interests. The defendant appeals. We affirm the judgment insofar as appealed from.

Equitable distribution does not necessarily mean equal distribution (see Michaelessi v Michaelessi, 59 AD3d 688, 689 [2009]; Evans v Evans, 57 AD3d 718, 719 [2008]; Greene v Greene, 250 AD2d 572 [1998]). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Domestic Relations Law § 236 [B] [5] [d]; Holterman v Holterman, 3 NY3d 1, 7 [2004]). "Those factors include: the income and property of each party at the time of marriage

and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (*Taylor v Taylor*, 140 AD3d 944, 945-946 [2016]; *see* Domestic Relations Law § 236 [B] [5] [d]; *Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013]).

A trial court has broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (*see Scher v Scher*, 91 AD3d 842, 846-847 [2012]; *Aloi v Simoni*, 82 AD3d 683, 685 [2011]; *Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *Oster v Goldberg*, 226 AD2d 515 [1996]). Where the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (*see Scher v Scher*, 91 AD3d at 847; *Aloi v Simoni*, 82 AD3d at 685; *Schwartz v Schwartz*, 67 AD3d at 990; *Ivani v Ivani*, 303 AD2d 639, 640 [2003]).

Upon consideration of all of the relevant factors (*see* Domestic Relations Law § 236 [B] [5] [d]), the Supreme Court did not improvidently exercise its discretion in crafting the distributive award. The court's award balances the illiquid nature of the plaintiff's assets, which are the primary source of his income, and which he would otherwise have to sell in order to satisfy the defendant's total award, against the defendant's interest in a lump sum payment by providing for a $180,000 payment within 45 days of the date of the judgment, with the balance secured by a mortgage, accruing interest, and paid in monthly installments lasting for the duration of the defendant's projected life expectancy (*cf. Iarocci v Iarocci*, 98 AD3d 999, 1000 [2012]; *Bricker v Bricker*, 69 AD3d 546, 547 [2010]). The court providently exercised its discretion in delaying initial installment payments for three years because the amount of the lump sum portion of the award equals the amount the defendant would have received in installments over that same period and because the court awarded maintenance in addition to the distributive award. The court also providently exercised its discretion in setting interest at 3% rather than the statutory rate of 9% (*see Hamroff v Hamroff*, 35 AD3d 365, 366 [2006]). The court correctly calculated the marital share of the income-producing marital property because it divided the total

appreciation of the asset by two, which accurately reflected the half interest to which the defendant contributed her efforts (*see* Domestic Relations Law § 236 [B] [1] [d] [3]).

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Massirman v Massirman*, 78 AD3d 1021, 1022 [2010] [internal quotation marks omitted]). "The factors to be considered in a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (*Gordon v Gordon*, 113 AD3d 654, 654-655 [2014]; *see* Domestic Relations Law § 236 [B] [6] [a]). Here, considering the relevant factors, in particular the impact of the maintenance award on both parties when combined with the distributive award, the amount and duration of the maintenance award was a provident exercise of discretion.

Finally, the defendant waived any claim of bias by the Referee appointed to hear and determine with regard to the issues raised in this action by failing to raise the issue at all before the trial court (*see Shen v Shen*, 21 AD3d 1078, 1079 [2005]). In any event, " '[a]bsent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned' " (*Ashmore v Ashmore*, 92 AD3d 817, 820 [2012], quoting *Matter of Khan v Dolly*, 39 AD3d 649, 650 [2007]). " 'Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist' " (*Ashmore v Ashmore*, 92 AD3d at 820, quoting *People v Alomar*, 93 NY2d 239, 246 [1999]). Here, the defendant did not allege that the Referee had a disqualifying family or pecuniary relationship under Judiciary Law § 14, and nothing in the record indicates that the Referee stood to gain from the outcome (*see Ashmore v Ashmore*, 92 AD3d at 820). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.