■ Lara S. Trafelet, Respondent, v Remy W. Trafelet, Appellant. [56 NYS3d 10]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered November 2, 2016, which denied that branch of defendant husband's motion for partial summary judgment seeking to dismiss so much of the divorce complaint as seeks equitable distribution of certain irrevocable trusts, and, in effect, denied his request for a protective order pursuant to CPLR 3103 with respect to the trusts, and granted plaintiff wife's cross motion to compel discovery to the extent of ordering the parties to agree on a discovery schedule, unanimously affirmed, without costs.

In this matrimonial action, the husband argues that trusts created early in the parties' marriage for the benefit of their children, are, as a matter of law, non-marital assets, given that neither party is a beneficiary. Although plaintiff wife was previously a discretionary beneficiary of the larger of the trusts as husband's "wife," she relinquished beneficiary status upon divorce commencement per the terms of the trust. Husband's motion not only seeks to protect the trusts from equitable distribution, but to place them beyond the reach of discovery.

Contrary to husband's contention, summary judgment is precluded by questions of fact as to both the creation and the operation of the trusts. It is undisputed that the trusts were initially funded by a transfer of 40% of husband's business interests, i.e. marital property, and their assets appreciated during the marriage in step with the successful growth of husband's businesses. Further, the trusts contain several provisions seemingly favorable to the husband, of which wife claims she was previously unaware, thus raising a question of fact as to the propriety of the initial transfer of marital property into the trusts. While true that husband is not a named beneficiary of the trusts, a clause allows the "protector" of the larger trust to terminate the trust at any time and distribute all of its assets to husband's then "wife" (defined by the trust as whomever he is legally married to at the time). As well, a "substitution" clause permits husband to substitute property for trust assets, and wife alleges that husband regularly uses the trusts' assets for his own use. Further, wife's expert forensic accountant opined, based on the limited trust documents available, that husband and the trusts were not adhering to the 60%/40% split, creating a question of fact as to whether husband may be disproportionately benefitting from their operation.

Under these particular circumstances, the motion court properly denied husband's motion for summary judgment and directed discovery to proceed. "In a divorce action, '[b]road pretrial disclosures which enables both spouses to obtain necessary information regarding the value and nature of the marital assets is critical if the trial court is to properly distribute the marital assets'" (*Jaffe v Jaffe*, 91 AD3d 551, 553 [1st Dept 2012], quoting *Kaye v Kaye*, 102 AD2d 682, 686 [2d Dept 1984]). Such determination does not run afoul of *Mahoney-Buntzman v Buntzman* (12 NY3d 415 [2009]), as husband asserts, since questions of fact exist as to wife's participation and knowledge regarding the terms of the trusts, and the extent to which husband benefits from the placement of 40% of his business interests in the trusts (*see Riechers v Riechers*, 267 AD2d 445 [2d Dept 1999], *lv denied* 95 NY2d 757 [2000]).

With respect to the denial of that branch of husband's motion seeking a protective order pursuant to CPLR 3103, we find that the motion court did not improvidently exercise its discretion in declining to limit discovery at this point by issuing a protective order (*see generally Diaz v City of New York*, 117 AD3d 777, 777-778 [2d Dept 2014]).

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.