People v Tan (2020 NY Slip Op 02601)





People v Tan


2020 NY Slip Op 02601


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-07061
 (Ind. No. 208/16)

[*1]The People of the State of New York, respondent,
v
Christian Tan, appellant.


Paul Skip Laisure, New York, NY (Grace DiLaura of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered June 22, 2017, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02[1]), based upon his possession of a billy club.
The defendant's contentions regarding the prosecutor's cross-examination of one of the defendant's witnesses are largely unpreserved for appellate review (see CPL 470.05[2]). Although allowing the prosecutor to question, over objection, a witness about the fact that the witness was accused of committing eight drug sales to undercover officers, was error (see People v Miller, 91 NY2d 372, 380), as was allowing the prosecutor's inquiry regarding whether that witness's misdemeanor conviction was originally charged as an attempted robbery in the first degree, the Supreme Court sustained some of the objections to these lines of inquiry. Moreover, the court also directed the prosecutor to "inquire into the facts, not what was alleged." When the prosecutor revisited this testimony in summation, noting that the witness "admitted to open drug sales where he was accused of selling on eight separate occasions, narcotics to an undercover officer," and that the witness had to go back to court on those charges, the court provided a curative instruction to the jury which struck from the record the testimony the defendant had objected to about the open drug cases. Notably, the defendant did not object to the curative instruction, request any additional curative instructions, or move for a mistrial based upon this error. Therefore the error is unpreserved for appellate review (see People v Bragg, 161 AD3d 998, 998; People v Martin, 116 AD3d 981, 982). In any event, the curative instructions provided by the court were sufficient to mitigate any possible prejudice (see People v Alexander, 50 AD3d 816, 817).
The prosecutor's argument in summation regarding the credibility of the testimony of the police officers was a fair response to the defense counsel's argument that the police officers were lying and not credible (see People v Hayes, 48 AD3d 831, 831; People v Colonna, 135 AD2d 724, 724).
The defendant's remaining contentions are for the most part unpreserved for appellate review (see People v Gill, 54 AD3d 965; People v Jones, 46 AD3d 840), and, in any event, without merit.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court