People v Rahman (2020 NY Slip Op 08083)





People v Rahman


2020 NY Slip Op 08083


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-07053
 (Ind. No. 1201/16)

[*1]The People of the State of New York, respondent,
v
Mahbubur Rahman, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata and Chelsea F. Lopez of counsel),
for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered June 13, 2017, convicting him of operating a motor vehicle while intoxicated per se, operating a motor vehicle while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, operating an unregistered motor vehicle, and operating a motor vehicle without proper license plates displayed, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Although certain comments that the prosecutor made during her opening statement and summation were improper, any error was harmless in light of the curative instructions given by the trial court during the trial and the overwhelming evidence of the defendant's guilt (see People v Martin, 28 AD3d 583, 584; People v Santana, 5 AD3d 798, 799).
With respect to the prosecutor's remark during her opening statement that impugned the defendant's use of an interpreter during the trial, the trial court issued three curative instructions in connection with that challenged remark. The defendant did not object to the curative instructions and the court agreed to give the additional instructions that the defendant requested (see CPL 470.05[2]; People v Bragg, 161 AD3d 998, 998-999). In any event, the curative instructions were sufficient to mitigate any possible prejudice (see People v Tan, 183 AD3d 552, 553; People v Alexander, 50 AD3d 816, 817).
The defendant's contention that the prosecutor made improper remarks during summation which deprived him of a fair trial is largely unpreserved for appellate review, as defense counsel did not object to most of those presently challenged remarks or made only general objections (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Mais, 133 AD3d 687, 688-689). We note, however, that certain of the prosecutor's remarks were improper—for example, that the defendant had to have consumed more than three beers in order to have a blood-alcohol content of .135—as they were not based on trial evidence or reasonable inferences drawn from the evidence (see People v Bethea, 159 AD3d 710, 712; People v Dixon, 184 AD3d 854, 854). Nonetheless, the errors in this regard were harmless, as there was overwhelming evidence of the defendant's guilt and [*2]no significant probability that the errors might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Bethea, 159 AD3d at 712). Further, the improper summation remarks were not egregious or pervasive enough to have deprived the defendant of a fair trial (see People v Bethea, 159 AD3d at 712). Moreover, the cumulative effect of the errors did not deny the defendant a fair trial (see People v Crimmins, 36 NY2d at 237-238).
The defense counsel's failure to object to these comments did not deprive the defendant of the effective assistance of counsel since the comments in question did not deprive the defendant of a fair trial (see People v Cortez, 181 AD3d at 821; People v Johnson, 171 AD3d 1089, 1090-1091).
MASTRO, J.P., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court