Gross v Hazan-Gross (2022 NY Slip Op 00501)





Gross v Hazan-Gross


2022 NY Slip Op 00501


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 301256/19 Appeal No. 15163 Case No. 2021-03177 

[*1]Eric Gross, Plaintiff,
v
Oriane Hazan-Gross, Defendant-Respondent. Steven Langman, Nonparty Appellant.


Pryor Cashman LLP, New York (E. Scott Schirick of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Robert Stephan Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered August 12, 2021, which, to the extent appealed from as limited by the briefs, granted defendant wife's motion to compel nonparty appellant (Langman) to produce documents responsive to the subpoena dated June 25, 2019 (the Subpoena) and to appear for examination before trial, unanimously affirmed, with costs.
The motion court providently exercised its discretion in ordering Langman to comply with the Subpoena. Contrary to Langman's assertion, the WPI (WeWork Property Investors, LP) Transaction Documents do not resolve certain relevant questions about plaintiff husband's interest in WPI (see Trafelet v Trafelet, 150 AD3d 483, 485 [1st Dept 2017]; Gellman v Gellman, 160 AD2d 265 [1st Dept 1990]). The documents do not explain, inter alia, why the interest in WPI that plaintiff obtained was smaller than he represented at his deposition, and the extent, source and timing of capital infusions necessary to obtain the interest.
Langman argues that any preliminary offer or negotiations concerning plaintiff's WPI partnership interest are rendered irrelevant by the transaction's final terms. However, while the pre-agreement terms may not be enforceable in any future dispute between plaintiff and WPI, that does not render them irrelevant for defendant's purposes in this divorce action. In particular, defendant is entitled to know how and why it was determined that plaintiff's partnership interest would be smaller than he had predicted and to probe whether this development had anything to do with his potential financial exposure in this action.
Langman failed to show that the discovery sought by defendant via the Subpoena is "utterly irrelevant" or that the "futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d 32, 38 [internal quotation marks omitted]). "[S]o long as the disclosure sought is relevant to the prosecution or defense of an action, it must be provided by the nonparty" (id.). The universe of documents sought by defendant is not overbroad and the court providently limited Langman's deposition to three hours, absent consent or good cause shown.
As to Langman's invocation of the "unique knowledge" standard in cases involving senior corporate executives (see e.g. Rosenhaus Real Estate, LLC v S.A.C. Capital Mgt., Inc., 100 AD3d 512 [1st Dept 2012]), defendant showed that Langman would be in a position to have unique knowledge of the relevant negotiations and the
transaction underlying WPI's promise to plaintiff of a partnership interest, and Langman did not show that other WPI corporate representatives would be so placed.
We have considered Langman's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022