People v Pooler (2024 NY Slip Op 01822)

People v Pooler

2024 NY Slip Op 01822

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-09012
 (Ind. No. 70361/20)

[*1]The People of the State of New York, respondent,
v
Keith Pooler, appellant.

Martin Geoffrey Goldberg, Franklin, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Howard E. Sturim, J.), rendered October 7, 2022, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted for murder in the second degree and criminal possession of a weapon in the third degree in connection with the stabbing death of the victim that occurred in Hempstead on June 28, 2020. At trial, the People presented evidence, inter alia, that the defendant interacted with the victim, alone, on the northeast corner of the intersection of Fulton Avenue and Terrace Avenue when the victim insulted the defendant and the pair parted ways. The victim was seen staggering away, bleeding profusely from a stab wound to the chest, and the defendant was seen walking away in the vicinity of where a knife, the murder weapon, was found. Following trial, the jury found the defendant guilty of murder in the second degree and criminal possession of a weapon in the third degree.
Contrary to the defendant's contention that the trial justice should have recused himself, the record does not reveal any of the reasons for the disqualification of the justice pursuant to Judiciary Law § 14 (see People v Moreno, 70 NY2d 403, 405; Daniels v City of New York, 96 AD3d 895, 895). Further, the defendant failed to set forth any evidence of impropriety, bias, or prejudice on the part of the trial justice that warranted recusal. Accordingly, the trial justice providently exercised his discretion in declining to recuse himself (see Daniels v City of New York, 96 AD3d at 895).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding certain testimony offered by a detective are unpreserved for appellate review (see CPL 470.05[2]; People v Heide, 84 NY2d 943, 944; People v Tan, 183 AD3d 552, 552). In any event, the curative instructions provided by the County Court were sufficient to mitigate any potential prejudice caused by the testimony (see People v Tan, 183 AD3d at 552-553; People v Raysor, 130 AD3d 1079, 1080; People v Francesehi, 287 AD2d 738, 739).
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court