CK Opportunities Fund I, L.P. v Morgan Stanley Senior Funding, Inc. (2025 NY Slip Op 01862)

CK Opportunities Fund I, L.P. v Morgan Stanley Senior Funding, Inc.

2025 NY Slip Op 01862

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 654526/23|Appeal No. 4004|Case No. 2024-07220|

[*1]CK Opportunities Fund I, L.P., et al., Plaintiffs-Appellants,
v
Morgan Stanley Senior Funding, Inc., et al., Defendants-Respondents. Fortress Investment Group LLC, Nonparty Respondent.

Clark Smith Villazor LLP, New York (Christopher J. Clark of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Scott D. Musoff of counsel), for Fortress Investment Group LLC, respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 1, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of nonparty Fortress Investment Group LLC to quash a nonparty subpoena served by plaintiffs upon Wes Edens, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion denied.
The subpoena to depose Edens satisfies the notice requirements under CPLR 3101(a)(1) because it was accompanied by a copy of the complaint (see Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]). Although the complaint did not identify Edens by name, Fortress, the manager of private equity funds that own defendant Brightline Holdings LLC, concedes that Edens is, in fact, the individual referenced in paragraphs 81 and 82 of the complaint. Those allegations are that a co-founder of Fortress, who served on Fortress's management committee and board of directors and was responsible for Fortress's private equity business, was also nonparty BL Investment's managing member.
Treating Edens as having been aware that he was the unnamed individual, Edens, through reviewing the complaint, had notice that he was alleged to have had control over both Brightline Holdings LLC and nonparty BL West Investment LLC in his position as BL Investment's managing member. Thus, he had notice of the allegation that he sat on both sides of the transaction — the alleged issuance of preferred LLC units — between Brightline Holdings LLC and nonparties BL West Holdings LLC and BL West Investment LLC. Edens also would have had notice through reviewing the complaint that the transaction was central to plaintiffs' claims of breach of contract.
Additionally, Fortress, which is acting on Edens' behalf on this appeal, knew about the connection between Edens and plaintiffs' claims by April 2024, two months before plaintiffs served their subpoena on Edens, when plaintiffs filed their motion to compel against Fortress. Thus, the record establishes that Edens had sufficient notice of the "circumstances or reasons [the] disclosure [wa]s sought or required" (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 105 [1st Dept 2006]; see Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]).
The motion to quash should have been denied because Fortress did not meet its initial burden of demonstrating that Edens' testimony would have been "utterly irrelevant" (Matter of Kapon, 23 NY3d at 38). Fortress concedes that BL Investment's status as an affiliate of Brightline Holdings LLC is relevant to plaintiffs' causes of action for breach of the parties' credit agreement. Fortress does not dispute that Edens, who is alleged to have been on both sides of the transaction, would have had knowledge as to whether BL Investment was an affiliate of Brightline Holdings LLC.
Fortress has identified no individual other than Edens who would have comparable knowledge of the relationship between Brightline Holdings LLC and its relevant [*2]subsidiaries and BL Investment, thus giving Edens "unique knowledge" warranting the deposition (see Gross v Hazan-Gross, 201 AD3d 587, 588 [1st Dept 2022]). Having failed to demonstrate Edens' testimony would be "utterly irrelevant" the burden never shifted to plaintiffs to show that the testimony is material and necessary.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025